### W. A. BURNS v. THE STATE.

No. 8790.     Delivered January 21, 1925. ˙

**1.—Transporting Intoxicating Liquor—Carrying on Own Person—Sufficient.**

Where in a prosecution for unlawfully transporting intoxicating liquor, the proof established that the liquor was carried on the person of appellant, *held* sufficient.

**2.—Same—Intoxicating Liquor—Reporting Seizure—Not Essential.**

Where the complaint is made that the officers making the seizure of the liquor found in possession of appellant, did not make a report of such seizure, as is provided by an act of the 38th legislature, no error is presented. See Austin v. State, 261 S. W. Rep., 1035.     ·

**3.—Same—Charge of Court—On Circumstantial Evidence—Not Required.**

· Where the appellant when arrested had three bottles of whisky on his person, and was drunk, a charge on circumstantial evidence is not required.

**4.—Same—Special Charge—Properly Refused—Issue Presented.**

Where a special charge is requested, and the issue presented is fully covered by the main charge, the special charge is properly refused.

**5.—Same—Transporting—What is.**

Where the testimony showed that the distance from where appellant was seen under ·the influence of liquor, and having in his possession the bottles mentioned, to the point where he was apprehended, was a mile and a quarter, the transportation within the terms of the law, was fully proven.

Appeal from the District Court of Shelby County. Tried below before the Hon. Chas. L. Brachfield, Judge. ˙

Appeal from a conviction for unlawfully transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.     ˎ

*D. M. Short & Sons,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Shelby County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Four witnesses testified, all for the State. Giles said that on the 22nd of April, 1923, he found appellant on the Santa Fe railroad going from Timpson toward Grigsby, a mile and a quarter from the Knight hotel and from the postoffice in the town of Timpson, and found on him when arrested, three bottles of corn whiskey. Witness said that he took the liquor home and brought it to court and delivered it to Mr. McLeroy's office. Virgie Larson said she saw appellant at the Knight hotel on the 22nd of April, and that he had three bottles of shinney or whiskey; that he left this hotel and went to the railroad track and started down the railroad toward Garrison, having one of the bottles of liquor in his hip pocket, another in his jacket, and at first had the other in his hand, but put it in his pocket. She informed Mr. Giles of what she had seen. Witness Garrett saw appellant on said day at the postoffice and heard John Todd tell him, "Gus, you are drunk and the officers will get you," and heard appellant say, "No, me and the officers stand in; they wouldn't bother me," and witness remarked to appellant, "They will get you before you get away." Witness heard of appellant being arrested about thirty minutes later. Mr. McLeroy testified that he was county attorney about the date of the above occurrence, and that while he had no distinct recollection of Mr. Giles bringing any whiskey to his office, he saw it there later and that it was in his safe. He moved his office from Timpson to Center and the whiskey disappeared and witness did not know what had become of it. Witness testified that he knew where appellant lived at the time of his arrest above mentioned, and that the nearest way from the postoffice to where appellant lived would be down the railroad by the place where Officer Giles arrested appellant. These are the facts.

Appellant has a number of bills of exception and a brief presenting and arguing each of them, without specifically identifying by number the bills of exception evidencing the complaints, we shall discuss all of them. We are unable to agree with the proposition that in order to constitute transportation of intoxicating liquor it must be carried from one place to another by some means or method other than having it on one's own person. The unsoundness of this must be apparent, else any quantity of liquor might be carried by individuals and the law thus be practically nullified.

Three bills of exception present objections to oral testimony regarding the arrest of appellant in possession of three bottles of whiskey and the description and disposition made of said liquor, the objection being that no written report of the seizure of said whiskey had been made, stating in detail the name of the officer making the seizure, the place where seized and an inventory of such liquor as is provided by an act of the 38th Legislature. This proposition is discussed and a view expressed contrary to that entertained by appellant in Austin v. State, 261 S. W. Rep., 1035.

Complaint is made of the refusal of a requested charge presenting the law applicable to circumstantial evidence. We are unable to agree with appellant and do not think the case one of circumstantial evidence. Witness Giles saw appellant going down the railroad track and found on him three bottles of intoxicating liquor. Witness Larson saw him have three bottles of such liquor at the Knight hotel and saw him leave there and go to the railroad and start down the trailroad track, apparently in the direction of his home. This established transportation by direct evidence and obviated the need for a charge on the law of circumstantial evidence.

If we be correct in holding that liquor may be transported within the terms of this statute, on or about the person of the appellant, another special charge relating to said matter was properly refused. The presentation of the exceptions made by the liquor statute, as appears in another special charge which was refused, was fully covered by the main charge of the court which told the jury that they must believe beyond a reasonable doubt that the liquor was not transported for medicinal, mechanical, scientific or sacramental purposes.

We do not think the Benson case, 95 Texas Crim. Rep., 313, or the West case, 93 Texas Crim. Rep., 370, which are cited in appellant's brief, hold contrary to the views expressed in this opinion. The distance from the postoffice where appellant was seen under the influence of liquor, and having in his possession the bottles mentioned, to the point where appellant was apprehended was a mile and a quarter. The liquor was intoxicating. The transportation within the terms of the law, was fully proven.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*