## E. F. DENNIS V. THE STATE.

### No. 11118.   Delivered November 9, 1927.

### Rehearing denied January 18, 1928.

### Second Rehearing denied February 15, 1928.

**1.—Transporting Intoxicating Liquor—Search and Seizure—Owner of Property Invaded Alone Can Complain.**

Complaint of the entry and search of a house is only available to the owner or the person occupying same, and not to any others. It has been so held reently by this court in. numerous opinions. See Croft v. State, 295 S. W. 617.

**2.—Same—Accomplice—Purchaser of Liquor—Is Not.**

Appellant complains of the refusal of the court to charge the jury that the woman to whom appellant delivered the whisky in question, under her agreement to purchase same was an accomplice. We cannot agree with this contention nor that such issue should have been submitted to the jury.

**3.—Same—Continued.**

Art. 670, P. C. 1925, provides: "Upon a trial for a violation of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law to be an accomplice, when a witness in any such trial."

**4.—Same—Evidence—Introduction of Part of Whisky Seized—Held Proper.**

There was no error in permitting the state to introduce in evidence and to exhibit to the jury on the trial, one of the half-gallon jars of whisky seized, the officer testifying that the other jars were destroyed. Art. 692, P. C. 1925, does not inhibit the introduction of such evidence. Following Austin v. State, 97 Tex. Crim. Rep. 360, and Burns v. State, 99 Tex. Crim. Rep. 252.

**5.—Same—Evidence—Declaration of Third Party—Res Gestae—Properly Received.**

There was no error in permitting the state to prove a declaration made by the purchaser of the whisky to an officer at the time of the arrest of appellant, and in the presence of appellant. Her declaration was res gestae, and properly admitted.

#### ON REHEARING.

**6.—Same—New Trial—Misconduct of Jury—Not Established.**

Where appellant requests a new trial on account of the misconduct of the jury, and it was shown that before the penalty assessed had been agreed on, one of the persons discussed whether or not this was appellant's first offense and referred to a question propounded to appellant on cross-examination in regard to 105 gallons of whisky, such question not being objected to by appellant and any connection therewith being denied, this discussion and the deductions drawn by the jury would not warrant the reversal of the case.

7.—Same—Continued.

It is within the judicial discretion to overrule a motion for a new trial based on the claim of misconduct of the jury, and the action of the trial court will not be overturned on appeal, unless it be shown to be clearly wrong. See Douglas v. State, 58 Tex. Crim. Rep. 127; Vernon's Tex. Crim. Stat., Vol. 2, p. 792, and other cases cited in opinion on rehearing. Distinguishing Holland v. State, 298 S. W. 898.

### SECOND MOTION FOR REHEARING.

8.—Same—Discussion of Case by Jury—Cannot Be Interfered With.

In their discussion of the credibility of the witnesses, the incidents and evidence adduced on the trial, the manner and appearance of witnesses becomes an important part in the formation of their belief as to the guilt or innocence of the accused. For a reviewing court to undertake to go into the jury room by a probe and say that the jurors' right to discuss testimony should be thus and thus, or not so and so, would be wholly unwarranted. For discussion of the subject at some length see Todd v. State, 93 Tex. Crim. Rep. 553.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty three and one-half years in the penitentiary.

The opinion states the case.

*Howard Mays, Robert Forman* and *O. Ellis, Jr., S. F. Rose* of counsel on appeal of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three and one-half years.

From the state's testimony the jury would have been justified in concluding that Mrs. Rosa Broughten had made arrangements to purchase five gallons of whisky; that the whisky was brought to her house by the appellant; that no one accompanied him there. He admitted that he arrived at the premises in an automobile and entered the back door about the same time that the whisky was found by the officers upon the back porch. The officers were in the house at the time of the arrival of the appellant. A conversation took place between him and Mrs. Broughten which the officers did not hear, but which she detailed, stating in substance that she had arranged for the purchase of the whisky and was expecting it to be brought to her house by some person, and at the time she became aware

that the whisky was there, no one was present save appellant and the officers.

Bills of Exceptions Nos. 1, 2, 3 and 4 relate to the same matter. From these bills, as qualified, it appears that officers entered and searched the house of Rosa Broughten with her consent and found therein ten half-gallon jars of whisky which had been placed in the house by the appellant. He was not the owner of the house nor an inmate thereof, and it was the contention of the state that he was not in a position to complain of the search or proof of the result thereof. A similar state of facts was before this court in the case of Craft v. State, 295 S. W. 617. The conclusion there reached and stated seems determinative of the present controversy against the accused.

In bill No. 5 complaint is made of the refusal of the court to charge upon accomplice testimony as applied to the witness Rosa Broughten.

The court qualified the bill in substance to the effect that there was no evidence upon which to base a charge on accomplice testimony as relating to Rosa Broughten. Our examination of the statement of facts leads to the same conclusion. In a prosecution under Art. 666, P. C. 1925 (the statute upon which the appellant's conviction rests), it is said in Art. 670, P. C. 1925:

"Upon a trial for violation of any provision of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

It appears from the testimony, if we comprehend it, that Mrs. Broughten's connection with the transaction was that of a purchaser. However, if she was cooperating with the appellant as a principal, transporter, or possessor, she would still come within the exemptions under the article quoted.

We understand from bill No. 7 that one of the half-gallon jars of liquor was exhibited to the jury at the time of the trial. The officer who had seized the liquor testified that the other jars had been destroyed. Against the introduction of the testimony the point is made that the statute, Art. 692, P. C. 1925, with reference to the duty of the officer seizing the whisky, to make a report in writing, etc., precluded the seizing officer from giving the testimony. The same point was made in Austin's case, 97 Tex. Crim. Rep. 360, in which the objection was held untenable. See also Burns v. State, 99 Tex. Crim. Rep. 252.

In bill No. 10 there is complaint of a transaction in substance as follows: While Ramsey, a deputy sheriff, was upon the witness-stand, he detailed a conversation in which he, Mrs.

Broughten and the appellant were present, and in which she said: "Well, if you have found any whisky out there, I guess that it is mine." Ramsey replied: "I know that is not so; it belongs to Mr. Dennis." Objection was urged that the statement was hearsay, irrelevant, opinion and conclusion, and the learned trial judge held it admissible as a part of the res gestae and as a part of a conversation in the presence of the accused. We are constrained to conclude that the bill of exceptions fails to show that in his reasoning the court was wrong. The statement was practically coincident with the discovery of the whisky a few minutes after the appellant arrived upon the premises. It appears from the statement of facts that the appellant was present and made no reply to this remark. The question of a declaration while under arrest is not involved.

There seems to have been no serious contention that the liquor was not intoxicating. It was described as "whisky," a known intoxicant. The complaint of the experiment demonstrating that the liquid was inflammable presents no prejudicial error.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant admits that in the disposition of some of his bills the court is not without authority in following Craft v. State (Tex. Crim. Rep.), 295 S. W. 617. He insists, however, that the opinion in the latter case is wrong. It is our conviction that such opinion is fortified by the many authorities cited in support of it. So believing it has been directly followed in Jenkins v. State (Tex. Crim. Rep.), 299 S. W. 642; Laake v. State (Tex. Crim. Rep). 299 S. W. 643. To reopen a discussion of the question would be profitless.

One ground of appellant's motion for new trial was the alleged misconduct of the jury. The bill preserving this point was not numbered and was not copied in the transcript in connection with the other bills, but was inserted some twenty pages further on. Because of this it was entirely overlooked in the original consideration of the case. The bill certifies that no evidence was before the jury showing that appellant had never been charged with a prior offense; that no evidence was introduced to contradict his own testimony to the effect that he had never handled whisky in any way; that this was the only charge ever made against him; that he had never been arrested in any other case nor charged with violation of the liquor law in Randall County or anywhere else. It is further certified that

during the cross-examination of appellant the District Attorney asked if he had not theretofore had about 105 gallons of whisky in Randall County, which appellant denied. No objection was interposed to the question. It is apparent from the testimony of the jurors given on the hearing of the motion for new trial that the discussion in the jury room on the question of the punishment which should be assessed became heated, some anger was displayed and harsh words indulged in. One juror who seemed to be the leader of the ones who were insisting upon a low penalty testified that he heard a statement from two jurors to the effect that appellant had been caught before, and that the foreman of the jury said he had heard that this was the same fellow who was caught with 105 gallons out in a hay stack. The version of the foreman was that some jurors made the remark that the District Attorney must know something more on appellant than was brought out in the trial because of the question he asked, if appellant had not been caught in Randall County with 105 gallons of whisky. Save the testimony of the one juror already referred to, that of all the others may be stated, in substance, to have been that when the jurors who favored a low penalty asserted there was no evidence before them which showed other than that this was appellant's first offense, those jurors who were insisting upon a high penalty replied that there must be other charges against him else the District Attorney would not have asked him about the Randall County matter. When fairly considered we are impressed with the idea that the examination of the jurors indicated the reception of no additional evidence but a discussion by them of an incident of the trial and their conclusion therefrom. If there had been objection to the inquiry by the District Attorney in regard to the Randall County incident, followed by the jurors' argument and conclusions, appellant would have had a more tangible basis for insisting upon a reversal. This court under the circumstances would scarcely be justified in predicating a reversal upon the reference by jurors to something which occurred during the trial, not objected to at the time, and no subsequent request for instruction that the jury disregard it.

"* * * It is within the judicial discretion to overrule a motion for new trial based on the claim of misconduct of the jury and the action of the trial court will not be overturned on appeal unless it be shown to be clearly wrong. Douglas v. State, 58 Tex. Crim. Rep. 127; Vernon's Tex. Crim. Stat., Vol. 2, p. 792; Watson v. State, 82 Tex. Crim. Rep. 305; Alexander

v. State, 84 Tex. Crim. Rep. 185; Reese v. State, 87 Tex. Crim. Rep. 245; Bernard v. State, 87 Tex. Crim. Rep. 365."

Todd v. State, 93 Tex. Crim. Rep. 559. Applying the foregoing rule to the present instance, we would not feel authorized in concluding that the court's action in overruling the motion for new trial was erroneous. The argument of the jurors that appellant "must be a wholesale bootlegger" and therefore his punishment should be increased, does not seem unauthorized by the facts in evidence as to the amount of liquor which appellant is claimed to have been handling on the occasion out of which the present prosecution developed.

We have examined the authorities to which we were referred in the original brief and we think none of them, nor that of Holland v. State, 298 S. W., 898, cited in appellant's supplementary motion, presents a parallel case.

The motion for rehearing is overruled.

*Overruled.*

## ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In view of the fact that in the preparation of our original opinion of affirmance, the bill of exceptions setting up misconduct of the jury was overlooked and not considered; and that same was first passed upon in our opinion on rehearing — the correctness of which is now vigorously assailed in a motion which we are asked to pass upon — we have concluded that fairness would entitle appellant to his day in court upon his motion for rehearing of the matter which so escaped our attention originally.

In passing on the claim of misconduct of the jury, it appears from the record that eleven jurors were used as witnesses and testified before the trial court whose conclusion of the matter then before him appears in his qualification to this particular bill of exceptions. The point of contention was that while all the jurors agreed at once upon their retirement on appellant's guilt, they were divided as to the penalty, and that the penalty agreed upon, viz.: three and one-half years in the penitentiary, was more than it should have been, and that the length of said term was caused by improper statements made in the jury room. The testimony of all the jurors is set out at length in the bill under discussion. The right of the jurors to discuss the testimony, which must include what the witnesses affirm and also what they deny, or about which they were doubtful—and of each man on the jury to express his opinions and conclusions

regarding same, can not be questioned. The manner, bearing, appearance, expression, hesitation, etc., etc., of the witness are observed by the jury, and ought to be, and become an important part in the formation of their belief about the guilt or innocence of the accused. A juror's right to doubt the truth of an expressed denial of a fact may be perfectly well founded, as based upon manner and appearance and conduct of the witness and the surrounding facts. This court would not, under any circumstances, so far invade the province of the jury as to say that it was improper for jurors to say that they did not believe the testimony of a witness who had answered particular questions in the negative. In this case it appears beyond question that officers having obtained information of the fact that a quantity of whiskey was to be delivered at the house of a woman named Broughten, went to the house, and while there and talking to the woman the officers observed appellant come in. Said officers presently found ten jars of whiskey at a place where they testified it was not when they came in the house and could not have gotten there except same was brought by appellant. It appears from the testimony of jurors that in discussing in their retirement the penalty, the only thing considered by appellant's counsel to be of injury was the fact that some of them expressed their belief that the District Attorney would not have asked appellant regarding another liquor transaction, if he had not had some ground for the question. For a reviewing court to undertake to go into the jury room by a probe and say that the juror's right to discuss testimony should be thus and thus or not so and so, would be wholly unwarranted. The matter is discussed and authorities cited at some length in Todd v. State, 93 Tex. Crim. Rep. 553.

We are still of the opinion that the action of the trial court in overruling appellant's motion for a new trial was correct, and this motion for rehearing will be overruled.

*Overruled.*