## CARTER v. STATE. (No. 11352.)

Court of Criminal Appeals of Texas. Jan. 25, 1928.

**1. Criminal law ⬳338(4, 5)—That accused's companion rented automobile returned with bullet hole in it held not inadmissible as res inter alios acta in robbery prosecution.**

In prosecution for robbery, in which prosecuting witness testified that defendant and a companion robbed him, and thereafter entered a closed car described by him, and that witness shot at car, and was sure he hit it, admission in evidence that defendant's companion had rented such a car, and that car was later returned with a bullet hole in it, *held*, not error as against objection that it was res inter alios acta.

**2. Criminal law ⬳553—Reconciliation of conflicting testimony is for jury.**

The reconciliation of matters of conflicting testimony is for the jury.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Earl Carter was convicted of robbery, and he appeals. Affirmed.

Davenport & Crain, of Wichita Falls, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for robbery; punishment, five years in the penitentiary.

[1, 2] There are two bills of exception in the record. In the first it is set up that it was error to permit the state to prove that one Raymond Helms rented a car from A. D. Lightsey on the 15th or 16th of January, 1927. The objection was that it was res inter alios acta; that appellant was not present at the time of such renting. The other bill of exceptions complains of the testimony of Mr. Lightsey that said car was returned, and that it had a bullet hole in it. We do not think either bill manifests error. The prosecuting witness testified that Raymond Helms and appellant robbed him by holding a gun upon him while they took his money. He said that, as soon as they got his money, they hurriedly left his store and got in a closed car, and that he got a gun and went outside and shot at the car. He said that it was a closed gear-shift car, and that he felt sure he hit the car. The car rented by Mr. Lightsey to Helms was a closed gear-shift car, and, when it was returned, it had, as above stated, a bullet hole in it. It was shown that appellant had been working for the father of Helms in a junk business. A witness testified that he saw the automobile belonging to Mr. Lightsey which was used in the robbery, and that it had been shot with a bullet; that it was a closed Whippet sedan. Appellant took the stand in his own behalf, and denied seriatim the testimony of the prosecuting witness in which he identified appellant. There is some contradictory testimony as to the kind of shoes and clothes worn by appellant. The reconciliation of matters of conflict in testimony is for the jury. The record presents no reversible error.

The judgment will be affirmed.