B. C. McCULLOM v. THE STATE.

No. 11696. Delivered January 30, 1929.

318

. The opinion states the case.

*Bledsoe & Crenshaw* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The State put two witnesses on the stand who testified that on the night of December 11, 1926, they went together in a car to a point near appellant's place of business; that one of said parties got out of the car, and the other drove up and parked immediately in front, and at a point from which he could see into said place. The other party approached, entered, engaged appellant in conversation, negotiated for the purchase of some whisky, and went with appellant to a point in the house where appellant reached behind a door, got a pint bottle of whisky and delivered it to the witness, who paid him $3.50 for same. Crump, the purchaser, then got into the car with Ford, the other party, and they went to the sheriff's office where Crump labeled the bottle, delivered it to Ford, who produced it on the trial, and both Crump and Ford testified that the bottle had been kept in the sheriff's office from the date of the alleged purchase to the time of trial. Ford testified that from his car parked in front of appellant's place, he saw appellant and Crump go into the building and saw appellant reach behind a door, and appellant and Crump exchange something. While Ford was testifying he produced the pint bottle of whisky, labeled, which he said he got from Crump and it was introduced in evidence, but the label was not then introduced. Later the defendant offered the label to show the date December 11, 1926, which was on same. Ford and appellant knew each other well, and Ford testified that he had seen appellant around the town a number of times on the 11th of Decem-

ber. Crump knew appellant by sight and testified that he saw him in town some two hours before the exact time of the sale of the liquor in question. The defense in the case was an alibi, and appellant testified that he was not in Lubbock county on December 11, 1926, but was in Hereford, Deaf Smith county, on that night. He also introduced other witnesses who testified that he was not in Lubbock on the date mentioned. John Coleman, appellant's brother-in-law, in addition to swearing that appellant was in Hereford on Dec. 11th, testified that he himself was around the Yellow Cab station, referred to as appellant's place of business, on the night in question and that appellant was not there.

Three bills of exception appear. The first complains that Ford was allowed to testify for the State that witness Crump delivered to him, after they got to the sheriff's office, a pint bottle of whisky,—the ground of objection being that such act of Crump was out of the presence of appellant and would be a self-serving act on the part of Crump. Appellant cites Seiwert v. State, 103 S. W. Rep. 932. In that case one Pilcher swore that on November 1st, in Marble Falls, he bought six bottles of Schlitz beer from Seiwert. The defense denied the fact of such sale and also the presence of Pilcher in Marble Falls on that date. Three State witnesses were permitted to testify that on November 2nd Pilcher gave them certain bottles of Schlitz beer. Objection was made to this testimony on the ground that no one but Pilcher had testified that Seiwert sold him beer, and that it was sought by this testimony to corroborate Pilcher's claim that the beer was sold to him on November 1st; further that such testimony was of things done out of the presence of Seiwert and which were not part of the res gestae of the sale. Further objection was made to a statement of the trial judge, in the presence and hearing of the jury, to the effect that the testimony of said three parties was admissible to corroborate Pilcher. This remark of the judge was held by this court to be on the weight of the testimony, and, under the facts of that case, we further held the testimony of said three parties inadmissible, especially in connection with the remark of the court. If there is any similarity on the facts, between the instant case and that of Seiwert, supra, it is slight,—and we perceive none in the principle involved. In cases like this we hold the liquor itself admissible in evidence. Dennis v. State, 108 Texas Crim. Rep. 672. There are many similar holdings. The liquor introduced in this case had been examined by a chemist. Its identity was issuable, but not controverted by any testimony. We

have here then the fact that Crump swore he bought a pint of whisky from appellant, that he left it at the sheriff's office after labeling it. Ford testified that Crump gave him a pint bottle of whisky at the sheriff's office, which bottle he produced and same was put in evidence. That this bottle was labeled December 11, 1926, appears from the record, once in the statement made when the bottle of whisky was introduced, that "the labels were not," and again when appellant introduced the label showing the date. That property whose ownership, identification, quality, quantity, etc., are issues in a case, may pass from hand to hand and such fact be properly detailed,—seems too plain for discussion. Busby v. State, 106 Texas Crim. Rep. 293. That under the facts in this case the testimony of Ford that Crump'gave him the whisky introduced, was not offered to corroborate Crump but for identification of the liquor, seems also plain. In reference to appellant's alibi, Ford and Crump both swore to his presence in Lubbock on the night of December 11, 1926, their testimony being based wholly on the fact that they saw him and not on the production of any bottle of whisky. In our judgment this bill presents no error.

Nor do we find any merit in the contention that the bottle of whisky introduced was not identified sufficiently to permit its use in evidence, as is set up in another bill of exceptions. We again state that Crump testified that he gave appellant $3.50 for a pint of whisky about 9:15 P. M., on December 11th; that he brought this bottle of whisky to the sheriff's office and after labeling it, left it there; that Ford was with him both when he went to appellant's place and when he returned to the sheriff's office. Before leaving the bottle of whisky at the sheriff's office he made a memorandum of the transaction which was pasted on the bottle. Ford testified positively that the bottle of whisky produced in court and offered in evidence, was the bottle given him by Crump on the night of December 11th, which was labeled and kept at the sheriff's office. It was shown by the defense that the bottle of whisky produced by Ford had on it a label bearing the date December 11, 1926. When the bottle of whisky was offered the objection made was in general terms as follows: "That the bottle had not been properly identified." This is the extent of the objection made. That the bottle was identified by Mr. Ford positively is plain. It appears reasonable that if an objection had then been made that it was not shown in so many words that said bottle of whisky was the one that Crump bought from appellant, doubtless the State would have met such objection

by proof. There is no suggestion in the record that any other bottle of whisky was in possession of either of said parties on that occasion, and in our opinion there is no doubt of the identity of the bottle produced as being that which Crump purchased from appellant.

The remaining bill complains of the refusal of appellant's motion for new trial sought because of newly discovered evidence. Said motion sets up that five men, whose names and affidavits appear, saw and were with appellant in Hereford, Deaf Smith county, on the night of December 11, 1926, one of them averring that appellant registered and spent the night at his hotel in Hereford on the date mentioned. The indictment herein was returned January 24, 1927, and named the day of the sale as December 11, 1926, and the names of Crump and Ford appear on the back of the indictment as witnesses. The case was tried November 23, 1927, ten months after the indictment was returned. No process of any kind appears to have been asked for any of the parties named in the motion for new trial. Diligence is wholly lacking. While in his motion for new trial appellant swore that he spent the night of December 11, 1926, at Baker's hotel in Hereford, and appends Baker's affidavit supporting this statement, we note that in his testimony given on his trial he swore that he spent that night at the private residence of Clyde Landers in Hereford at which place he had a room, that Landers worked for him. Asked about where Landers was, appellant said that Landers and his brother had moved to Amarillo; that he had asked one person one time about them, but could not find them. He testified also on the witness stand that there was another man who worked with him at Hereford, but he could not tell what that man's name was or where he was at the time of the trial; that said party was just drifting around over the country. Appellant's motion for new trial with affidavits attached was filed five days after a verdict of guilty was rendered, and he thus asserts that he had discovered the location, whereabouts and addresses of said five witnesses, who would testify to facts which must have been well known to appellant, during the short period of five days, which he had failed to find or which he had failed to think enough of to cause process to be issued for, during the ten months between the return of the indictment and the date of his trial. As his nearest approach to diligence, appellant swears in his motion for new trial that from the time of his indictment he made diligent inquiry of every person whom he thought would know the whereabouts of three of the par-

ties named who had worked for him, and whom he had discharged after December 11, 1926, but was unable to locate any of them. He avers that he forgot about his transaction with the other two parties named and forgot that he spent the night of December 11, 1926, at Baker's hotel. All these facts were within appellant's knowledge before he was tried. These rather remarkable facts were doubtless considered by the trial court when he overruled the motion for new trial. We are unable to persuade ourselves that there is any sort of abuse of the discretion of the trial court, or that he was not justified in refusing said motion for new trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*