MORAND BOYER v. THE STATE.

No. 17179.   Delivered January 23, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*Geo. S. McCarthy,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of equipment for manufacturing whisky; the punishment, confinement in the penitentiary for one year.

Acting under a search warrant, officers went to the Boyer Hotel and searched room 214. They found therein a still, a pot, two barrels of mash, and other equipment. In the room there was a 5-gallon jar full of some kind of liquor that smelled like whisky. In a linen closet down the hall outside of the room they found a burner, a stand, two 5-gallon kegs, some pint bottles and half-gallon jars. The linen closet was unlocked. Appellant was not near the room at the time the search was made, but was in the hotel. The officers testified that they could smell the mash as soon as they entered the hotel. The proof

on the part of the State was to the effect that appellant operated the hotel, consisting of about 25 rooms, and that he in person cleaned up the rooms every day. It was further in evidence that appellant did not occupy room 214. In said room there was a dresser, bedstead and chair. The bed had no cover on it and showed no evidence of having been used for sleeping. Witnesses for appellant testified that room 214 had been occupied by a man by the name of Stone; that he was last seen in the room a week before the raid. They testified further that they did not know the still and mash were in the hotel and had not seen appellant manufacturing whisky. Appellant did not testify in his own behalf. We think the evidence sufficient to support the conviction.

Appellant objected to the testimony of the officers touching the result of the search on the ground that he was at no time presented with a search warrant, and that the officers failed to notify him that they possessed such warrant, or of their intention to search before they entered the house. The point appellant urges was decided adversely to his contention in McGee v. State, 51 S. W. (2d) 714; Elms v. State, 26 S. W. (2d) 211, and Justice v. State, 18 S. W. (2d) 657.

After the verdict had been returned appellant's counsel secured from one of the jurors an affidavit to the effect that he lived near the Boyer Hotel and on one occasion about a year before the raid passed the hotel and could smell the fumes of liquor, and further, that he had heard that appellant had the reputation of manufacturing and selling liquor. There is nothing in the testimony to show that appellant or his counsel questioned the juror on his voir dire examination concerning any information he had about the case. It does not appear that the juror made any statements to the jury concerning the things he had heard about appellant. The record failing to show that diligence was used by appellant or his counsel upon the voir dire examination of the juror to determine what he knew about the case, we would not be warranted in ordering a reversal. See Wells v. State, 10 S. W. (2d) 991.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing

appellant renews his claim that the record fails to show compliance with arts. 319 and 324, C. C. P. Art. 319 declares in substance that before seizing the property one having a search warrant shall give notice of his purpose in executing the warrant to the person in charge or possession of the place described in the warrant. Article 324 requires the officer executing the search warrant to make return in writing showing his execution of the warrant with an inventory of the property seized. The testimony of one of the officers making the search, as it appears in the statement of facts, is in substance that he had a search warrant to search room 214 of the Boyer Hotel. From his testimony we quote:

"We went over there on a search warrant, and we had a search warrant as to the particular room 214. We had an affidavit and a search warrant to that."

From the record, it shows that the documents mentioned were produced at the trial and identified by the witnesses. The warrant and the affidavit were introduced before the court but not before the jury.

As understood, the facts bear no analogy to those in the case of Elms v. State, 26 S. W. (2d) 211; nor do we regard the facts in the present case on the subject mentioned as being in any material sense different from those in McGee v. State, 51 S. W. (2d) 717, and other cases cited in the original opinion.

Appellant did not testify upon the trial.

The propriety of refraining from reading the affidavit for the search warrant in the presence of the jury, unless there shall be some special reason for doing so, has been affirmed.

Touching the return showing the disposition of the search warrant mentioned in art. 324, supra, the record is silent. However, the failure to make the return would not vitate the search warrant; nor, so far as the record shows, would it affect the procedure followed. If there was evidence of the failure to make the return or showing that appellant was injured thereby, the matter might present a different question. It has been held in several cases cited in Cornelius on Search and Seizure, Second Series, page 565, that the failure to make the return would not void the search warrant nor the execution thereof. Among the Texas cases on the subject is Dennis v. State, 2 S. W. (2d) 223, and cases therein cited.

We are constrained to overrule the motion for rehearing, and it is so ordered.

*Overruled.*