LOUIS EUGENE PETTIGREW V. STATE

No. 28,116. March 21, 1956.
Appellant's Motion for Rehearing Overruled
May 9, 1956.

*Byron Matthews, Ronald Aultman, Randell C. Riley,* Fort Worth, [*Lawrence L. Bruhl,* Llano, of Counsel] for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is negligent homicide in the second degree; the punishment, a fine of $3,000.00.

Highway Patrolman Preiss, who investigated the collision shortly after it occurred and before the automobiles had been moved, stated that, in his opinion as an accident investigator, the Lincoln automobile, which was traveling south, had collided with the Dodge automobile, which was traveling north, over on the Lincoln's left-hand side of the highway. The brakes on the Dodge had been applied and left obvious skid marks well over in its proper lane. There were no skid marks to indicate that brakes on the Lincoln had been applied. Photographs of the scene were introduced by both the state and the appellant, and from them and the other evidence it is apparent that the Lincoln crossed over the center strip and collided with the Dodge which was traveling in the opposite direction.

The driver of the Dodge was killed. The appellant was the driver of the Lincoln.

The appellant did not testify but offered the testimony of one Kymes, his employer, who stated that he and the appellant had left Fort Worth at 2:00 A.M. on the morning in question, that he had driven for a distance and then turned the wheel over to the appellant, and that he had been asleep on the back seat of the Lincoln at the time of the collision. He stated that as he awoke he asked, "What happened?" and the appellant replied, "They hit me." He stated further that as he approached the Dodge the woman, who had been driving it and who later died, said, "I don't know what happened. I must have gone to sleep." Kymes questioned the accuracy of the pictures which had been taken by the patrolman but did not attempt to testify where on the highway the collision had occurred. He stated that because of the curvature of the highway it would be natural for a driver who was proceeding in a southerly direction and who was not familiar with the highway to cross over the center stripe near the site of the collision.

The jury resolved the disputed issue, if any existed, against the appellant, and we find the evidence sufficient to support the conviction.

The evidence will be further discussed in connection with the bills of exception.

Bills of Exception Nos. 1 and 2 complain that the witness Preiss was permitted to express an opinion from his observations and measurements at the scene as to the direction in which

the respective automobiles had been traveling and the point of impact on the highway.

Elsewhere in the record we find that testimony to the same effect was elicited without objection. In view of this, we are not called upon to pass on the qualification of the highway patrolman with 5½ years' service to express his opinion as an expert on the point of impact and the direction the automobiles were traveling.

Bill of Exception No. 3 complains that the court permitted a photograph to be introduced in evidence without a proper predicate having been laid for its introduction. We note that the witness later in his testimony stated that the picture was a true and correct representation of the conditions as he found them at the time and place in question.

Bill of Exception No. 4 complains of the introduction of certain pictures in evidence because the appellant had not had an opportunity to examine them prior to trial in order to properly prepare his defense. We know of no rule of law that would require the state to furnish the accused, before the trial, with copies of pictures it intends to introduce against him.

Bills of Exception Nos. 5 and 6 relate to the introduction of certain pictures when the appellant contends the proper predicate for their admission had not been laid. In McFarlane v. State, 160 Tex. Cr. Rep. 340, 266 S.W. 2d 133, we discussed the proper predicate for the introduction of pictures, and we find substantial compliance with that rule in the case at bar.

Bill of Exception No. 7 complains that the appellant was not permitted to question the officer about whether or not he would have filed a case against the appellant if the deceased had lived following the collision and had admitted making the statement attributed to her by several of the witnesses. We find no error in the bill. What the officer might have done under another and different state of facts was not a proper question for cross-examination.

Bill of Exception No. 9 complains that the appellant's father was not permitted to answer a certain question. Neither the bill nor the record reveals what the answer would have been if the witness had been permitted to testify, and hence nothing is presented for review. Deams v. State, 159 Tex. Cr. Rep. 496, 265

S.W. 2d 96, and Brinkley v. State, 161 Tex. Cr. Rep. 413, 277 S.W. 2d 704.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Two additional grounds for reversal are relied upon in appellant's motion for rehearing.

This information is claimed to be fundamentally erroneous because it alleges in a single count that appellant was engaged in the unlawful act of driving an automobile on the left side of the highway "when the same was not clear and unobstructed for a distance of at least fifty yards ahead, and when it was practicable for him to have driven and operated said automobile on the right side of said Highway 281, and while so unlawfully driving and operating said automobile upon the wrong side of Highway 281, he did then and there negligently and carelessly drive, operate and propel said automobile into and against the automobile that was being driven and operated by Agathe Sweet Pappa, * * *" and alleging that such impact caused the death of said Agathe Sweet Pappa.

Appellant's contention is that the quoted allegations are "obviously repugnant," and attempt to charge negligent homicide both in the performance of a lawful act and in the performance of an unlawful act.

We find no repugnance in the allegations which we understand allege the homicide to have been committed by negligence, the negligent act being the unlawful act of driving on the left side of the highway when it was not clear and unobstructed for at least fifty yards, which act is made unlawful by Art. 801 V.A.P.C.

The case of Taylor v. State, 155 Tex. Cr. Rep. 253, 233 S.W. 2d 853, cited by appellant, supports our holding that the information charges the offense of negligent homicide of the second degree for which offense punishment is fixed by Art. 1242 V.A.P.C.

The second error claimed relates to the italicized portion

of the following testimony of the state's witness, Highway Patrolman Preiss, on cross-examination:

"Q. Well, now, will you tell me what Mr. Pettigrew told you? A. He didn't tell me anything direct as to what happened. When I was questioning him, the routine questions as to occupation and birth date on his license, address being correct, he voluntarily told me, *'I had one just a month ago in Louisiana.'*

"MR. BRUHL: Well, wait a minute. If the Court please, I asked this witness if he told him how this wreck happened.

"THE COURT: That's right.

"MR. BRUHL: And he volunteered something that is an extraneous event and has nothing to do with this, and I ask not only that the Court sustain my objection to that, but instruct the jury not to consider that for any purpose.

"THE COURT: The objection will be sustained, and if the jury will, please, you will please disregard the statement the witness made."

Counsel asked the witness what appellant told him, and the answer was in reply to that question. The remark did not show or suggest that appellant caused a wreck on a prior occasion or was guilty of any offense or of negligence in regard thereto, if in fact the remark related to a wreck.

In view of the question asked, the nature of the remark and the prompt action of the court, the complained of answer, if error, does not call for reversal of the conviction.

Appellant's motion for rehearing is overruled.