HOWARD DOUGLAS AVANT V. STATE.

No. 30,666. April 22, 1959.

No attorney for appellant of record on appeal.

*Dan Walton*, District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., David Ball*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 180 days in jail and a fine of $250.00.

The state's testimony showed that the appellant collided head on with an automobile driven by one Johnson while Johnson was waiting to make a left turn and in Johnson's lane of traffic. Numerous witnesses who saw the appellant at the scene and later at the hospital expressed the opinion, from the odor of the alcohol on the appellant's breath, his manner of speech, the appearance of his eyes and his inability to rise from a sitting position, that the appellant was intoxicated. Three opened beer cans were found in the automobile in which the appellant was driving alone.

The appellant's sister and brother-in-law testified that they visited the appellant on the night in question at the hospital and expressed the opinion that he was not intoxicated. Appellant, testifying in his own behalf, admitted drinking two beers in the late afternoon prior to the collision, denied any knowledge as to the three cans found in the automobile, denied that he was intoxicated, and stated that Johnson had pulled out of his lane, thus causing the collision.

No formal bills of exception appear in the record, and no brief has been filed. We will discuss the only serious question

raised in the record. It was undisputed that appellant's sister, Mrs. Black, had an argument with the police officers at the hospital. She testified that their misunderstanding arose because the officers insisted upon interrogating the appellant while he was still bleeding. On Officer Wright's cross-examination by appellant's counsel, we find the following:

"Q.   I will ask you if Officer Roberts didn't have an argument with Mr. and Mrs. Black and he said I am going to file DWI on that man and I am going to make it stick? A.   We both had an argument with Mr. and Mrs. Black.

"Q.   Sir? A.   We both had an argument with Mr. and Mrs. Black.

"Q.   What about? A.   I offered the man a blood test."

Appellant's objection was sustained, the jury was instructed not to consider the answer, but the motion for mistrial was overruled.

In Pettigrew v. State, 163 Texas Cr. Rep. 194, 289 S.W. 2d 935, we had before us a comparable situation. There, on cross-examination of a state's witness, he was asked what the appellant had told him upon being arrested. The witness replied, among other things, that the appellant had told him, "I had one (a wreck) just a month ago in Louisiana." We held that the answer was in reply to the question and, in view of the action of the court in instructing the jury not to consider the answer, that no reversible error was shown.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.