Thomas Odell JENKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35608.

Court of Criminal Appeals of Texas.

April 3, 1963.

Rehearing Denied May 15, 1963.

G. C. Harris, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

It is undisputed that the appellant was driving a truck upon a public highway at the time and place alleged.

Officer Duran testified that he saw the appellant immediately after he had stopped his truck, smelled the odor of alcohol on his breath, heard him talk and saw him walk, and from appellant's manner of driving the automobile which he observed, he expressed the opinion that the appellant was intoxicated. He further testified that the appellant told him he had drunk two beers; and he had some whiskey, "but I don't think that's enough to make a man too drunk to drive"; and that under the seat of the truck he found a one-half pint bottle less than half-full of whiskey.

Testifying in his own behalf, the appellant denied that he was intoxicated but said he had bought one-half pint of whiskey from which he had taken one drink when the officer stopped him. He also denied staggering or telling the officer he had drunk two beers.

■ Error is urged because of the refusal of the court to grant a motion for mistrial and later to charge the jury not to consider as evidence the whiskey seized by Officer Duran which he had found under the seat of the truck, on the ground that he failed to give the appellant a receipt for it in accordance with the provisions of Art. 323, C.C.P. No objection was made when the whiskey was introduced in evidence, hence no error was shown. Wyatt v. State, 162 Tex.Cr.R. 134, 382 S.W.2d 392. However, the evidence shows a legal arrest and therefore the search of the truck incident thereto was valid. Sutton v. State, 157 Tex. Cr.R. 216, 247 S.W.2d 894. The whiskey being lawfully obtained, the failure of the officer obtaining it to issue a receipt there-

for would not render such evidence unlawful or inadmissible. Garcia v. State, 164 Tex.Cr.R. 273, 298 S.W.2d 831; Jones v. State, 169 Tex.Cr.R. 175, 332 S.W.2d 560. Furthermore, the appellant cannot complain because he admitted possession of the whiskey by his own testimony. Hudson v. State, 170 Tex.Cr.R. 400, 341 S.W.2d 448.

■ Appellant complains that the following paragraph in the main charge, which reads:

"If you believe from the evidence or have a reasonable doubt thereof that the defendant Thomas Odell Jenkins, on the occasion in question was not under the influence of intoxicating liquor you will acquit him."

over-emphasized the theory of the state's case, shifted the burden of proof, and was a comment on the weight of the evidence.

This instruction not only applied the law of reasonable doubt but gave the converse of the state's case as submitted in the main charge. No error is presented. Art. 705, Vernon's Ann.C.C.P.; McCracken v. State, 168 Tex.Cr.R. 565, 330 S.W.2d 613.

■ It is contended that the trial court erred in permitting the state's attorney, in his argument, to tell the jury that the appellant had violated the law by bringing whiskey from Oklahoma into Texas and was unlawfully transporting it, over his objection that it related to extraneous matters for which he was not on trial and was prejudicial.

The appellant testified that he bought the whiskey in Oklahoma and had it in his truck when the officer stopped him. If improper, the argument was not reversible error. The minimum penalty was assessed.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.