Robert Lee CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 36029.

Court of Criminal Appeals of Texas.

Nov. 20, 1963.

Rehearing Denied Jan. 8, 1964.

Ronald Aultman (on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Gordon Gray, Asst. Dist. Atty., Fort Worth, and Leon

B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of narcotic drugs; the punishment, seven years.

Police officers of the city of Fort Worth and State Narcotic Agents armed with a search warrant, searched appellant's apartment and there found three bottles which contained a total of 294 tablets which were shown by the testimony of a chemist to be morphine or dihydromorphinone, a derivative of morphine. Appellant was arrested when he entered the apartment by means of a key. His landlady testified that she had rented the apartment to appellant and had seen him coming and going therefrom.

Appellant did not testify or offer any evidence in his own behalf.

■ We shall discuss the contentions advanced by court appointed counsel in his brief and argument. He objected to the introduction of the fruits of the search because of the failure of the officers to comply with the terms of Art. 725–b, Sec. 16, Vernon's Ann.P.C., in that they did not swear to their return on the search warrant which they made, failed to take appellant before the magistrate who issued the warrant for a hearing, and failed to carry the property seized before such magistrate.

■ In Garcia v. State, 164 Tex.Cr.R. 273, 298 S.W.2d 831, this Court disposed of a similar contention and cited Boyer v. State, 128 Tex.Cr.R. 76, 79 S.W.2d 318, which in turn relied upon Cornelius on Search and Seizure and held that a failure to follow the terms of the statute as to what should be done by the officers after the search had been made did not constitute reversible error.

The same rule applies where the search is made without a warrant. Jenkins v. State, Tex.Cr.App., 367 S.W.2d 343, Dennis v. State, 108 Tex.Cr.R. 672, 2 S.W.2d 223,

Burns v. State, 99 Tex.Cr.R. 252, 268 S.W. 950, and Austin v. State, 97 Tex.Cr.R. 360, 261 S.W. 1035.

■ By bill of exception number two, complaint is made as to the answer of Officer Johnson in response to a question propounded by defense counsel which elicited information concerning extraneous offenses. The answer was clearly responsive and since appellant asked the same, he cannot be heard to complain as to the answer. Avant v. State, 168 Tex.Cr.R. 6, 323 S.W.2d 464 and Pettigrew v. State, 163 Tex.Cr.R. 194, 289 S.W.2d 935.

■ Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR RE-HEARING

WOODLEY, Presiding Judge.

The answer of Officer Johnson to the question of what was taken as a result of the search of appellant's apartment other than the items that were in evidence was: "Some property that Mr. Campbell told us was stolen property."

The court promptly sustained the objection to the answer of the witness as not being responsive to the question and instructed the jury not to consider the last portion "because it was not responsive, and objected to and inadmissible," but he overruled appellant's motion for mistrial.

It is apparent from the record that the answer of the witness was that to be expected by appellant's trial counsel. In the absence of the jury counsel had inquired of Officer Johnson as to what he did about listing what he took in the return on the search warrant, and the witness had replied: "We took two radios and a small record player that Robert Campbell said was stolen."

Thereafter, in the jury's presence, he made a similar inquiry and received the

 

answer: "Some property that Mr. Campbell told us was stolen property."

That the same property was referred to is evident from the continuation of the cross-examination of Officer Johnson after the court's ruling on this answer.

"Q. The Court allowed to stand the part where you said 'two radios', was there anything else that you said?

"A. And a small portable record player."

Further cross-examination elicited that the two radios and the record player taken in the search were not listed in the return on the search warrant.

We remain convinced that the complained of evidence elicited by appellant and promptly withdrawn from the jury's consideration does not warrant reversal.

Appellant's motion for rehearing is overruled.