**George Edward DALTWAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36566.

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Appellant filed brief pro se.

Alton R. Griffin, Dist. Atty., Roy B. Johnson, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of marihuana; the punishment, ten years.

The evidence reveals that Sidney Moore, while testifying, identified the appellant as the same person who represented himself and a woman as Mr. and Mrs. Calcip, to whom he rented a furnished two bedroom house in Lubbock on February 1, 1963, for $125 per month. The appellant at that time paid $25, and the next day the woman paid the balance. Mr. Moore testified that from February 1 to 15, he saw the appellant three times at the house. On one occasion the appellant was cleaning a rug with a vacuum cleaner, at another time when he took a mirror for one of the bedrooms, the appellant asked if he could get another mirror for the other bedroom. It was further shown that "Mrs. Calcip's" sister was to live with them.

On March 1, 1963, when the officers went to the house owned by the Moore's to execute a search warrant they met the appellant, George Edward Daltwas, in the living room, told him they were there to look for narcotics, handed him a copy of the warrant and asked him to be seated. Two women were also in the house when the officers arrived and during the search. Officer Bessent testified that he had seen the appellant, George Edward Daltwas and some women, one of whom he later learned was Imogene Limbough, entering and leaving the house in question numerous times between February 17 and March 1. On the dresser in the front bedroom of said

house, the officers found a Western Union telegraph receipt issued in Lubbock for $20 from George Daltwas, made to Sammy Tucker in Fort Worth. The receipt, dated February 24, 1963, bore the address and the unlisted number of the telephone of the house searched. The appellant was seen driving a Cadillac which was registered in the name of George Daltwas, and it was seen several times in the drive-way at the house in question.

The testimony further reveals that a gunsmith in . Lubbock exchanged guns with the appellant in February, 1963, and that the shotgun which the officers found in said house on March 1, 1963, was the gun the appellant received in the exchange.

During the search of the house, the officers found a Prince Albert can between some newspapers on top of the refrigerator in the kitchen. The can containing a plant substance was wrapped in plastic inside a brown paper sack. An analysis of the plant substance by a chemist showed that it was marihuana.

Testifying in his own behalf, the appellant stated that he worked and had a house in Fort Worth, but he had been visiting Imogene Limbough and had been staying at the house of Imogene and Jerry May for about two weeks; that on March 1, when Imogene answered a call at the door, the officers entered the house and said it was a narcotics raid. Appellant denied renting the house, stated that he never considered it his premises but said he was there when the owner brought something for the house, also denied seeing the Prince Albert can until the trial, and stated that he never at any time possessed or used narcotics. He further stated that Sammy Tucker stayed at the house the night before the officers came and had been gone about an hour before they arrived.

Appellant called Tucker as a witness, and he testified that he knew the appellant George Daltwas, and had spent two days at his house in Lubbock, and upon leaving on March 1, he was arrested after traveling a short distance; that Imogene Limbough and Jerry May were at the house when he left, and that Imogene had gone under the name of Imogene Prince in Fort Worth. He further testified that he had known the appellant since 1953 and that appellant had never possessed or used narcotics to his knowledge.

Appellant attacks the validity of the affidavit for the search warrant and the warrant on the grounds that they do not name him, and that no itemized return was made on the warrant or served on appellant.

■ The affidavit recites that the premises were occupied and controlled by a person or persons whose name or names and description or descriptions were unknown to the affiant. An affidavit attacked on substantially the same ground was held to be sufficient in Hernandez v. State, 158 Tex.Cr.R. 296, 255 S.W.2d 219, and Doby v. State, Tex.Cr.App., 363 S.W.2d 286.

■ The failure of the officers to make a return on the search warrant or deliver to the appellant an itemized copy of the return, in the absence of a showing of injury, reveals no error. 23 Tex.Jur.2d 229, Sec. 150; Garcia v. State, 164 Tex.Cr.R. 273, 2998 S.W.2d 831; Jones v. State, 169 Tex.Cr.R. 175, 332 S.W.2d 560; Campbell v. State, Tex.Cr.App., 373 S.W.2d 749.

Error is urged on the ground that the search warrant was invalid because it recited that it was for "herion" instead of heroin, and that marihuana which was not named in the warrant was seized.

■ The misspelling of heroin would not vitiate the warrant which recited that it was for "a narcotic drug, to-wit: herion" instead of heroin. Lute v. State, 166 Tex. Cr.R. 357, 314 S.W.2d 98. Any contraband such as marihuana, although not specifically named in the warrant, may be legally seized when it is observed during the lawful execution of a valid search warrant issued for heroin. Burks v. State, 97 Tex. Cr.R. 113, 260 S.W. 181; Cortez v. State,

165 Tex.Cr.R. 320, 306 S.W.2d 713; 169 A.L.R. p. 1424.

Appellant contends that the trial court erred in refusing the admission of evidence before the jury that Imogene Limbough had been convicted for the possession of marihuana.

The proffered evidence shows that Imogene Limbough, one of the women in the house at the time of the search, was known as Imogene Prince in Fort Worth, where she was convicted for the possession of marihuana in 1958, with the punishment assessed at three years which was probated.

█ The evidence that Imogene had been convicted in Fort Worth for the possession of marihuana more than four years before appellant's conviction herein, would not have been inconsistent with or precluded the guilt of the appellant in this case. Her conviction would not have rebutted the fact that appellant testified that he was present in the house when the officers found the marihuana and had been there for two weeks. Both the appellant and Imogene might be equally guilty in the transaction, either as joint owners, or as joint possessors, according to the definition of possession given in the charge of the court. The refusal of the admission into evidence of the prior conviction was not error.

█ The complaint of the failure of the court to charge on circumstantial evidence is not before us, there being no objection to the charge or requested charge in writing as required by Arts. 658 and 659, Vernon's Ann.C.C.P. Nesbit v. State, 165 Tex. Cr.R. 336, 306 S.W.2d 901.

The court instructed the jury not to convict the appellant unless they found beyond a reasonable doubt that the substance introduced in evidence was marihuana, and unless they further found beyond a reasonable doubt that he had the marihuana in his possession, and if they had a reasonable doubt as to either of these matters, they must resolve that doubt in favor of the appellant and find him not guilty.

█ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.