Robert C. Koonce, Wiley Thomas, Angleton, for appellant.

**Joe Henry COWEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43256.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Jan. 20, 1971.

Ogden Bass, Dist. Atty., James Brown, Asst. Dist. Atty., Angleton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder without malice under Article 802c, Vernon's Ann.P.C.; the punishment, two years in the Department of Corrections.

Appellant's sole contention in this case is that Officer Cook was permitted to testify that the appellant was traveling at a rate of speed of sixty miles an hour. The officer did not see the accident and arrived upon the scene some time thereafter. In Pettigrew v. State, 163 Tex.Cr.R. 194, 289 S.W.2d 935, the officer's testimony was that Pettigrew's car had been traveling at some point in the highway at the point of the impact. We stated in Pettigrew, "Elsewhere in the record we find that testimony

to the same effect was elicited without objection. In view of this, we are not called upon to pass on the qualification of the highway patrolman with 5½ years' service to express his opinion as an expert on the point of impact and the direction the automobiles were traveling."

In the case at bar, we have the testimony of the witness George Echols, Jr., who was present at the time of the collision and who testified that the appellant "had to be going sixty to seventy miles an hour." To this testimony there was no objection.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.