

IN THE
TENTH COURT OF APPEALS

No. 10-12-00082-CR

JERRY LEE GARNER,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 11-02476-CRF-272

MEMORANDUM OPINION

Jerry Lee Garner was convicted of possession with intent to deliver cocaine in a drug free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a); 481.134 (West 2010 & Supp. 2012). He was sentenced to 20 years in prison. We affirm.

After a long investigation, Bryan police determined that Garner and another individual were selling crack cocaine at two locations. Officers obtained a warrant to search a residence leased or subleased by Garner. As officers approached the residence, they were seen by someone leaving the residence. Believing the situation to be

compromised, officers conducted a no-knock entry of the residence. At the same time, some of the occupants of the residence jumped through a back window of the residence to escape. Garner was secured in the residence and gave officers a key to a padlocked closet in Garner's room. After searching the closet, officers found almost 20 grams of crack cocaine.

Garner's sole argument is that the trial court erred in denying his motion to suppress the cocaine evidence because the officers conducting the search did not provide him with a copy of the warrant or the inventory.

A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). As the reviewing court, we view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The trial court is given almost total deference in its determination of historical facts, especially if those are based on an assessment of credibility and demeanor. *Garcia-Cantu*, 253 S.W.3d at 241. "Thus, the party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id*.

Article 18.06(b) of the Code of Criminal Procedure requires a copy of the search warrant and a copy of a written inventory of the property taken to be presented to the owner of the place searched or to the person in charge of the place. TEX. CODE CRIM. PROC. ANN. art. 18.06(b) (West 2005). Although there is some dispute about whether Garner leased or subleased the residence searched or simply subleased a room in it, it is

undisputed that Garner was at least the "person in charge of the place" at the time it was searched and was required to be presented with a copy of the search warrant and the written inventory. The officers fell short of full compliance with article 18.06. However, the Court of Criminal Appeals has consistently held that ministerial violations of the search warrant statutes do not vitiate the search warrant in the absence of a showing of prejudice, such as unfair surprise. *Pecina v. State*, 516 S.W.2d 401, 404 (Tex. Crim. App. 1974); *Phenix v. State*, 488 S.W.2d 759, 766 (Tex. Crim. App. 1972); *Daltwas v. State*, 375 S.W.2d 732, 734 (Tex. Crim. App. 1964); *Robles v. State*, 711 S.W.2d 752, 753 (Tex. App.—San Antonio 1986, pet. ref'd).

Garner's only claim to prejudice is that the officers "clearly chose to disregard the law" and because of this, Garner was unaware of the nature of the search warrant, the allegations in the affidavit, the directives in the warrant and the evidence taken when the warrant was executed. This is not enough. Garner testified at the motion to suppress hearing that he was given a copy of the search warrant and inventory by his attorney before trial. Nowhere in the record is there any indication that Garner was surprised, harmed, or prejudiced by the failure of the officers to supply Garner with the search warrant and inventory at the scene. We find that Garner was not prejudiced by the officers' failure to comply with article 18.06(b).

Accordingly, the trial court did not abuse its discretion in denying Garner's motion to suppress. Garner's issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 20, 2012
Do not publish
[CR25]