LEE SHEPHERD V. THE STATE.

No. 22438. Delivered March 17, 1943.
Rehearing Denied May 12, 1943.

The opinion states the case.

*Aubrey Morris,* of Waco, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for an aggravated assault, punishment assessed at a fine of $250.00 and confinement in the county jail for sixty days.

Prosecution is under Art. 1149 P. C. The State's evidence shows that officers pursued appellant some thirty miles from a point in Williamson County to the point of the collision near the city of Lampasas, where appellant's car struck one being driven by the injured party. Sometimes during the chase the officers claimed the speedometer on their car registered between 80 and 90 miles per hour. Appellant did not testify, but witnesses who were in his car denied an excessive rate of speed, and asserted that the collision was caused by the officers' car striking the rear of appellant's car which threw it out of control and in the path of the car driven by the injured party.

Over appellant's objection the State proved by the officers that after the collision occurred they found whisky in appellant's car, some on the front seat between appellant and his wife and other on the back seat between two parties who were on that seat. The objection urged was on the ground that said evidence was "improper, inflammatory and prejudicial, and not admissible for any purpose." There seems to have been no claim that appellant was drunk at the time of the collision, nor is there anything in the record showing that appellant was violating any law in having the whisky in the car.

The bill complaining of such evidence might present a question under the authority of Wortham v. State, 95 Tex. Cr. R. 135, 252 S. W. 1063 if it were not for the fact that upon the cross examination of one of appellant's witnesses there was developed without objection that there was whisky in the car. It is well established that the erroneous admission of testimony

is not cause for reversal if the same fact is in evidence without objection. See Bryant v. State, 109 Tex. Cr. R. 32, 2 S. W. (2d) 846, and authorities therein cited.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains on account of our ruling on his bill of exceptions No. 1, which related to his objection to certain testimony in which it was shown that there was a quantity of whisky found in appellant's car at the time of and at the scene of the collision herein made the basis of the complaint and information.

The citation of the Wortham case, supra, appears to this writer as inapt, and can hardly be construed as in point or as governing herein. In this case, under the State's testimony, appellant was fleeing from the pursuit of the officers at a speed estimated at eighty to ninety miles per hour; he had two sacks of whisky in his car, and his brother was seen breaking the whisky at the time the officers arrived at the scene of the collision. The writer is of the opinion that the testimony of all the witnesses relative to the whisky was admissible. The Wortham case, supra, is based upon an entirely different state of facts. The bill of exceptions complaining of such testimony is, in part, in the following terms: "The county attorney was permitted to prove by State's witnesses Law, Clark, Gholson and others that after the collision between the cars of defendant and Adams on the occasion in question, they found two sacks of whiskey in the defendant's car; * * *." In the statement of facts it is shown not only that Law, Clerk and Gholson testified relative to such whisky but that appellant's brother, Charley Shepard also testified as to the presence of the whisky in the car.

Appellant insists that his bill of exceptions, above partially quoted, evidenced by the phrase "and others" that he took an exception to the testimony of all others testifying to the same effect, and therefore that he also objected and excepted to the testimony of Charley Shepard. We do not think we would be justified in thus extending the rule requiring an exception to be taken to each person thus testifying. If such could be so extended, it would have been sufficient for him to object to the testimony of Law and all others relative to the same matter, or, to go one step further, to make a blanket objection to "any and all witnesses"

testifying to such matters without naming any witness. We are unwilling to say that an objection and exception leveled at the testimony of a certain witness "and others" is sufficiently specific to demand of this court to look through the whole statement of facts and find out who such "others" were, and apply such objection thereto.

We therefore say that we were correct in saying that further testimony, relative to the liquor in appellant's car, was found not properly excepted to, and that the original opinion herein was correct in overruling such bill.

The motion will therefore be overruled.