## HENRY WILLIAMS v. THE STATE.

No. 22897. Delivered June 14, 1944.
Rehearing Denied October 18, 1944.

The opinion states the case.

*Guy Cater*, of San Antonio, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment is assessed at death.

The record shows that appellant lived on a farm belonging to the deceased, but was going to move to the Bouldin place. On the day in question, the deceased (who was a constable) had made a complaint against appellant for whipping his concubine. He had obtained a warrant for the arrest of the appellant and went to his home for the purpose of executing it. When the deceased (who was accompanied by his son) arrived at the appellant's home, he found him sitting on the front porch with a shotgun in his hand and a pistol lying nearby. Deceased asked appellant what he had decided to do, whereupon appellant remarked: "Keep off of my place you big white s-- of a b---." Thereupon, the deceased started to get out of his car, and when he did so, appellant shot him in the left hand and wrist with a shotgun. The deceased then shot at appellant who immediately fired the second barrel of the shotgun at him. The deceased then ran out into the field or pasture with the appellant in hot pursuit. The son of the deceased followed appellant and begged him not to shoot his father any more. The deceased ran until he was exhausted and then laid down in the weeds. The son, seeing that his father was badly wounded, returned to their automobile for the purpose of getting some assistance in taking his father to the hospital. While the son had gone to summon aid, the appellant shot the deceased in the head and neck with a pistol; that when aid finally arrived the deceased was dead. Appellant had made his escape but was apprehended within a short time.

There is but one question presented for review which complains of the following testimony given by the wife of the deceased, to-wit:

"That morning when that woman came up to my house she was crying. She had a tooth loose and told me she had been choked, and had four cuts across here. I saw her condition, and I gave her some liniment that she could use for any purpose. Seeing the condition she was in I knew she was not able to wash that day, and I told her not to wash when I left my home that morning."

Appellant objected to this testimony on the ground that the same was irrelevant, immaterial, incompetent, and had no bearing on any issue in the case; that it was prejudicial and calculated to inflame the minds of the jurors against him.

If this was the only testimony relating to the matter, it might show error. However, there is testimony from other sources in the record showing that they had heard about appellant beating up the woman who lived with him. Appellant admitted on the witness stand that one of the complaints pending against him in the Justice Court was for whipping his wife, or rather the woman who was living with him. Glen Bouldin, testifying for the defendant, stated upon cross-examination by the State, as follows:

"I have heard about Henry beating his wife; it wasn't his wife but the woman he was living with. I do not know how many times he beat her, but several times."

Terry Bouldin also testified that he had heard about appellant beating the woman he lived with.

No objection was interposed to this testimony. Thus, it will be noted that testimony similar to, or of like character, as that objected to, was introduced without any objection. Consequently, the testimony objected to could not have been more hurtful than that which was introduced without objection. See Sparkman v. State, 82 S. W. (2d) 972; Enix v. State, 112 Tex. Cr. R. 376; Bird v. State, 147 S. W. (2d) 500; Shepherd v. State, 171 S. W. (2d) 120; Bussell v. State, 148 S. W. (2d) 413; Davis v. State, 161 S. W. (2d) 78; Daugherty v. State, 176 S. W. (2d) 571.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this cause gives a very comprehensive discussion of the authorities dealing with the admissibility of evidence over objection when the same, or like evidence, has been admitted without objection, as distinguished from "testimony similar to, or of like character as that objected to * * *." Even though the case before us carries the extreme penalty, we are unable to see the harm in the testimony complained of and, furthermore, it is the opinion of the writer that it is pertinent testimony.

For the purpose of discussing the argument made in the motion, we will call attention to the erroneous position therein taken to the effect that the record did not warrant the statement in the opinion: "He (deceased) had obtained a warrant for the arrest of appellant and went to his home for the purpose of executing it." The statement is made that there was no basis for this conclusion. We quote from the testimony of L. D. Buchanan (S. F. p. 7): "I think at that time Judge Hamon had some papers against the defendant, Henry Williams, one warrant for gambling and one warrant for beating a woman." Again, from the testimony of L. H. DuBose, Justice of the Peace, (S. F., p. 17): "Judge Hamon filed some complaints against Henry Williams for fighting and for gambling. * * * I issued two warrants for Judge Hamon." Later, on the same day, the deceased went to the home of the defendant who was sitting with his shotgun across his lap and his pistol in his pocket, or nearby. According to the State's testimony and that of Willie Joe Lamkin, chief witness for the defense, the shooting was begun by appellant without any reasonable provocation. It became a proper subject of inquiry as to the motive for the killing. When the defense had closed its evidence, the State produced the widow of the deceased who gave the evidence set out in the one bill of exception found in the record. Coupled with the other evidence herein referred to, it appears that appellant might well have been expecting the deceased to have the warrant for his arrest on some charge growing out of the whipping he had given this woman. She had gone to the home of deceased some time prior to the killing on the same date. From the surrounding cir-

cumstances, it appears appellant knew that. We think that the extent of the injuries he inflicted on the woman became pertinent testimony in this case, to show motive for the shooting. It appears that the bill, as quoted, reaches testimony that is hearsay, particularly that part which says that the negro woman told her that she had been choked. Such portions of the quoted testimony as may not be admissible would probably have been excluded by the trial court, if specific and appropriate objection had been made to it. In the form that the bill is presented it is duplicitous and can not be sustained. The trial court could not have ruled otherwise than he did on an objection which goes to some evidence that is admissible and some that is not.

The evidence of the son of deceased was calculated to, and likely did, have great effect on the minds of the jury who heard it. The defendant detailed the killing and did nothing to commend himself to the jury. They would have been warranted in finding him guilty of murder with malice had there been no other evidence than that given by him. His defensive theory was contradicted by his own witness, Willie Joe Lamkin, the effect of whose testimony was to corroborate that of A. O. Hamon, Jr. Under all the circumstances of this case, we think the court correctly admitted the evidence of Mrs. Hamon and we find no error in the record.

The appellant's motion for rehearing is overruled.