TROY E. MOSELEY v. STATE.

No. 26,385.   June 3, 1953.

*Mrs. Mae M. Ament,* and *J. Lawton Stone,* Alpine, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.00.

Officer Webber testified that he saw the appellant stagger up to his pickup, get in and drive away before he could reach him. He stated that he gave chase in his automobile, soon brought the appellant to a halt and arrested him. The officer testified that appellant's breath smelled of intoxicants, that he staggered and that, in his opinion, appellant was intoxicated. The witness Heiman corroborated the testimony of officer Webber.

The appellant, testifying in his own behalf, admitted driving the pickup, but denied that he had had anything to drink since 9 o'clock that night and denied that he was drunk when he was arrested at 11:30 p. m. In this, he was in some measure supported by his witnesses.

The jury resolved the disputed issue against the appellant, and we find the evidence sufficient to support the conviction.

At the conclusion of the evidence, the appellant moved the court for an instructed verdict on the ground that the state had failed to prove the type of motor vehicle alleged in the complaint and information.

A careful prosecutor would certainly have taken stock of his case, asked the court to permit him to reopen, and completed his proof. This was not done. We must now search the record to see if the state proved the allegation that appellant was driving a "pickup truck." We find the following questions and answers:

"Q. . . . . What type of motor vehicle was he driving? A. It was a red GMC pick-up, I believe.

"Q. Was anyone in the car with him—I mean pick-up with him? A. No, sir."

Recently, in Nichols v. State, 156 Tex. Cr. R. 364, 242 S. W. 2d 396, we said:

"In the light of the foregoing definitions and decisions, it is the holding of this Court that the term 'automobile' as used by the Legislature in defining the offense of driving while intoxicated is a generic term which includes the motor vehicle commonly known as a 'truck'."

We find no error in the action of the court in refusing to grant an instructed verdict.

Appellant next complains that the state was permitted to prove the incorporation of the city of Alpine by oral testimony of the city clerk of said city. The complained of testimony was that the city of Alpine was incorporated on the 29th day of October, A. D. 1917. We find elsewhere in the record the following question and answer, to which no objection was made.

"Q. My Stovall, was the City of Alpine an incorporated city on the 17th day of January of this year (*the day charged in the complaint*) ? A. Yes, sir."

It has long been the rule that the admission of improper evidence does not constitute reversible error if the same facts were proved by evidence which was not objected to. 4 Tex. Juris., Sec. 414, p. 587. The state had alleged that the appellant drove upon a street in the incorporated city of Alpine. The above proof, to which no objection was made, established the state's case in respect to this averment.

Finding no reversible error, the judgment of the trial court is affirmed.