CHRIS BUSH HOPKINS v. STATE

No. 27,686. June 25, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

James E. Rexford, Wichita Falls, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

Highway Patrolman Garrett testified that he observed the appellant's automobile on the morning in question being driven

in an erratic manner, signaled him to stop, smelled alcohol on appellant's breath, observed him stagger as he walked, and concluded that he was intoxicated.

Patrolman Shields testified that he was at the highway patrol office when Officer Garrett brought the appellant in, that the appellant spoke with a thick tongue, walked unsteadily and, in his opinion, was intoxicated.

Appellant testified that he had been up the night before until two o'clock drinking beer and whisky, that he arose the next morning early and started to Wellington, but that when he got as far as Electra he changed his mind and started back home. He explained his manner of driving as follows: "I didn't feel too good and was just driving along more or less unconsciously and might have driven to the left side of the road — now that's possible."

The jury resolved the disputed issue of appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

The only errors urged relate to proof that the appellant refused to take the blood test for intoxication.

The first time the blood test was mentioned the appellant moved for a mistrial, which motion was overruled, but the trial court instructed the jury not to consider such evidence in arriving at their verdict. Appellant's counsel did not leave the matter as it was but, instead, on cross-examination developed the following evidence:

"Q. Mr. Shields, when you went to the hospital, did you ask the defendant if he wanted to call an attorney before he made up his mind to take the test? A. Yes, sir.

"Q. He told you that he wouldn't take a blood test without talking to an attorney first to advise him? A. He wanted to go home.

"Q. Did he say he would take a blood test if you would first let him call his attorney and get some advice about whether he should take the test or not? A. Yes, sir.

"Q. You wouldn't let him call? A. No sir."

By this interrogation after he had received a ruling from the court instructing the jury not to consider the evidence to the

effect that he refused a blood test, the appellant effectively waived the error.

This is the feature of this case which distinguishes it from Cardwell v. State, 156 Texas Cr. Rep. 457, 243 S.W. 2d 702, and Bumpass v. State, 160 Texas Cr. Rep. 423, 271 S.W. 2d 953, relied upon by the appellant.

We recapitulate. The first mention of the appellant's refusal to take the blood test was volunteered by the witness. The judge sustained the objection and instructed the jury not to consider the same. The appellant chose to forfeit the court's instruction and inquired further from the witness about the matter. This, we conclude, constitutes a waiver of his objection.

Finding no reversible error, the judgment of the trial court is affirmed.