## THOMAS ALLEN LOWERY V. STATE

No. 28,206. April 18, 1956.
Appellant's Motion for Rehearing Overruled
May 23, 1956.

*D. N. McMahan,* and *Piranio, Piranio & Ballowe,* by *Angelo Piranio,* Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for drunken driving; the punishment, 30 days in jail and a fine of $50.

It is undisputed that the appellant was driving an automobile upon a public highway at the time and place alleged.

Officer Freeman testified that he observed appellant driving an automobile in an erratic manner crossing and recrossing the center stripe on the highway, signalled for him to stop, smelled the odor of alcohol on his breath, observed him stagger as he walked, heard him talk, and expressed the opinion that he was intoxicated.

Appellant while testifying stated that he had drunk two cocktails about two hours prior to his arrest, but that he was not intoxicated. He also offered other testimony that he was not intoxicated shortly before his arrest.

The jury resolved the disputed issue of his intoxication against him and we find the evidence sufficient to support the conviction.

By Formal Bill of Exception No. 1 appellant complains of the state's attorney being "permitted to ask the defendant, in the presence of the jury, that he, the defendant, knew that he was not drunk, but refused to take the test to find out."

The court certified in said bill that "There was no objection to or exception taken by the defendant to the asking of the question complained of in this bill."

In view of the court's certification in the bill which was accepted by the appellant, no error is reflected.

Appellant insists that the trial court erred in permitting Officer Freeman to testify that he offered to give the appellant an intoximeter test which he refused, over his objection that such testimony was inadmissible because he was under arrest.

We find other testimony in the record without objection as to the offer by Officer Freeman to give appellant an intoximeter test which he refused. This constitutes a waiver of his objection. Hopkins v. State, 162 Tex. Cr. Rep. 103, 282 S.W. 2d 232.

Fnding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant construes our original opinion as holding that he waived his objection to the introduction of evidence to the effect that he refused a blood test when he cross-examined the officer in attempting to minimize the consequences of such testimony. We disclaim any intent to so hold.

Prior to the propounding of the question to the state's witness, as to whether he offered "to give appellant a test" (which was on re-direct examination), appellant's counsel had on cross-examination asked the witness: "Why didn't you take him out to Parkland Hospital and give him a blood test?" and "Are you telling the jury that it's the rule of the department not to take them by there and give them a blood test?"

Following this, on re-direct examination, the officer was asked whether he offered to give appellant "a test," to which appellant objected. The objection being overruled, the officer answered in the affirmative.

Thereafter, the witness was asked by the attorney for the state, and answered without objection:

"Q.  What sort of test did you offer to give him. A.   An intoximeter test, sir.

"Q.  Would you state what sort of a test that is. A.   It's a test where the suspected man that is driving while drunk blows his breath into a balloon, and by chemical analysis it can be deduced whether or not he was within sufficient * * * sufficiently drunk or not.

"Q.  To be charged with the offense of D. W. I.? A.   Yes sir.

"Q.  Did you offer this Defendant that sort of a test? A.   I did, sir.

"Q.  What did he do? A.   Refused it, sir.

"Q.  Did he state or indicate why he refused it? A.   No sir.

"Q.  He refused, though? A.   Yes sir.

"Q.  He did agree to a coordination test, is that correct? A.   Yes sir.

"Q.  But would not take the intoximeter? A.   No sir."

Appellant's counsel having inquired on cross-examination of the arresting officer as to why appellant was not given a blood test, we would not be warranted in reversing the conviction because the state, on redirect examination, was permitted to show

that the witness had offered to give him a test. Earwood v. State, 261 Tex. Cr. Rep. 171, 275 S.W. 2d 652.

In any event, any error in the ruling of the court on the latter question was rendered harmless by the further redirect examination of the witness to which there was no objection.

Where the same or similar testimony is admitted without objection, the admission of improper evidence does not call for reversal. Moseley v. State, 158 Tex. Cr. R. 578, 258 S.W. 2d 331; Texas Digest, Cr. Law, 1169(2).

Appellant's motion for rehearing is overruled.