MARION E. MORRIS v. STATE.

No. 31,213. December 16, 1959.

*Mark Callaway,* Brownwood, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The evidence was undisputed that on the date alleged the appellant drove his automobile on a public highway in Coleman County and while so driving was stopped and arrested by Deputy Sheriffs Raymond R. Greaves and M. R. Simmonds.

The two officers testified that they stopped the appellant after observing his automobile weaving across the center line of the highway and that, after they had stopped him, they could smell the odor of alcohol on his breath and that he talked with a thick tongue. Both officers expressed the opinion that appellant was on such occasion intoxicated. They further testified that they found a half-full bottle of gin on the floor board of the automobile on the driver's side and that a passenger in the automobile riding with the appellant at the time was in their opinion also intoxicated.

Testifying as a witness in his own behalf, appellant admitted driving the automobile on such occasion and having two drinks but denied that he was intoxicated. He also called other witnesses who testified that they had seen him on the day in question prior to his arrest and that at such time he appeared to be sober.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant, and we find the evidence sufficient to sustain its verdict.

By informal bill of exception appellant complains of the court's action in permitting Deputy Sheriff Greaves to testify on his direct examination by state's counsel, over appellant's

objection, that he had been around the appellant when he was intoxicated. Appellant's objection was in substance on the ground that the inquiry was not restricted to the date the offense was alleged to have been committed. The record reflects that similar testimony was given by the appellant's witness, Fred Shields, on his cross-examination, when he testified without objection that he had seen the appellant drunk. The admission of the complained of testimony, if error, is not cause for a reversal in view of the admission in evidence of the similar testimony without objection. Lowrey v. State, 163 Texas Cr. Rep. 241, 290 S.W. 2d 532 and Tarin v. State, 165 Texas Cr. Rep. 187, 305 S.W. 2d 589.

The judgment is affirmed.

Opinion approved by the Court.