ROBERT LESLIE CROCKER V. STATE

No. 31,915. May 18, 1960
Motion for Rehearing Overruled June 22, 1960

*Percy Foreman*, Houston, for appellant.

*Dan Walton*, District Attorney, *Carl E. F. Dally, Lee P. Ward, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is statutory rape; the punishment, 30 years.

The prosecutrix was appellant's daughter. At the time of the trial she was 15 years of age and on the date of the alleged offense was 14 years old. Prosecutrix had a 12-year-old sister and a younger brother, 9 years of age. The three children lived with their father and mother in the city of Houston. The prosecutrix testified that on a certain day in December 1958, she stayed at home from school because of illness; that while she was there alone the appellant came home early from work around 3 P.M.; that appellant came to where she was lying on a couch in the living room and began feeling of her legs and breasts and then had an act of sexual intercourse with her.

Prosecutrix testified that appellant had on prior occasions had acts of intercourse with her, and when she was 12 years old he began fondling her breasts and private parts. Prosecutrix detailed how on prior occasions the appellant would get in the bed in which she was sleeping with her younger sister and fondle her private parts.

The prosecutrix' sister, upon being called as a witness by the state, testified that on occasions the appellant had placed his hands on her breasts and had put his mouth on her sexual parts.

Both the prosecutrix and her sister testified that appellant threatened to kill their entire family if they told of his acts and conduct. The prosecutrix testified that it was not until the month of March 1959, that she told her mother of appellant's acts. The sister testified that in February, 1959, she told the prosecutrix of appellant's acts and that later in the month of March, 1959, she told her mother. It was further shown that after telling their mother the prosecutrix and her sister both made written statements to the officers concerning appellant's acts and conduct with them.

Appellant's two written statements made to Betty Wells, a juvenile officer in Harris County, after his arrest were introduced in evidence in which he admitted having sexual intercourse with the prosecutrix on the occasion in question and also admitted in such statements that the charges made against him by his two daughters were true.

Testifying in his own behalf, appellant denied having ever had an act of sexual intercourse with the prosecutrix and denied that he had ever fondled or committed an act of sodomy upon either of his daughters. Appellant testified to an alibi and stated that he signed the written statements because of certain promises made to him by the officers to whom the statements were made. The officer, Betty Wells, denied making such promises and the issue was submitted to the jury under appropriate instructions by the court in his charge.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant and we find the evidence sufficient to support its verdict.

Appellant's sole contention on appeal is that the court committed reversible error in admitting evidence of extraneous

offenses by permitting the prosecutrix' sister to testify, over his objection, to the acts of sodomy and fondling committed upon her (the sister) by the appellant.

From the record it appears that such extraneous offenses were shown by other evidence which was admitted without objection.

In his written statements, to which appellant only objected on the ground that they were not voluntary, appellant stated in part as follows:

"My name is Robert Leslie Crocker * * * "

"I have been advised of the charges made against me by my daughters, Alva Lee and Linda Carol, and I would like to make the following statement concerning my actions:"

"I have been advised by Mrs. Wells as to what the statements made by my daughters contained, and I would say that it is true. * * * "

"I can't say why I chose my daughters. It was just something got a hold of me. I can't put it into words. But five minutes before it happened, I had not even thought of doing anything to those children. I would say that I started to do these things to my children about 1956. At least that is when I started on the older girl. The little one, Linda, I would say it's been less than a year."

The above written statement shows appellant's admission of the acts of fondling and sodomy which the prosecutrix' sister testified he committed upon her. Appellant made no objection to the introduction of the written statements in evidence on the ground that they showed the commission of extraneous offenses. The evidence complained of, being before the jury from another source without objection, no reversible error is shown. Schaefer v. State, 121 Tex. Cr. R. 220, 53 S.W. 2d 302; Williams v. State, 147 Tex. Cr. R. 523, 182 S.W. 2d 715; McCaine v. State, 152 Tex. Cr. R. 108, 211 S.W. 2d 190; Lowrey v. State, 163 Tex. Cr. R. 241, 290 S.W. 2d 532; Duhart v. State, 167 Tex. Cr. R. 150, 319 S.W. 2d 109 and Lee v. State, 167 Tex. Cr. R. 555, 321 S.W. 2d 577.

The judgment is affirmed.

Opinion approved by the Court.