### EMMIT SCHULER V. STATE

No. 32,598. January 25, 1961

Motion for Rehearing Overruled March 1, 1961

*Orville A. Harlan* and *Percy Foreman* (on appeal only) Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Erwin G. Ernst,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge

The offense is assault with intent to murder with malice; the punishment, 5 years.

All of the evidence shows that, while some 12 to 15 feet from Frank H. Fryer, appellant fired a shot from a shotgun striking Fryer in the muscle of the right arm. As a result Fryer remained in the hospital for two months and sustained permanent injury.

The evidence from the standpoint of the state shows that Frank H. Fryer was not armed and made no attack upon appellant.

The appellant testified that he went with Fryer's wife, but that her husband "never one single time ever caught us out any place or any drive-in movie and any - - or any act of doing wrong * * * ."

"Q.  You are not saying that you didn't do wrong, you are just saying that you didn't get caught? A.  That's what I said, sir."

The husband appears to have had a strong suspicion about the matter, for Mary Louise had sued for divorce and testified that she was living in the house with her husband but not as man and wife on the day of the difficulty.

The injured party, Frank H. Fryer, left his wife in their home about 7:20 P.M. on the day in question, driving his automo-

bile. He returned shortly and when he entered the house his wife was talking on the telephone to the appellant, and he struck her.

The evidence is conflicting as to what was said and what appellant heard over the telephone, except that Mrs. Fryer said "Frank, don't kill me."

Frank H. Fryer, the husband and injured party, testified: "I frightened her because she thought I was gone" and that after she made the statement "Frank, don't kill me" he said: "I'm not going to kill you. I want to talk to you."

Mary Louise Fryer, who was divorced from the injured party at the time of the trial, testified that Fryer came in while she was talking to the appellant, struck her, knocked her off the sofa and knocked the telephone out of her hand and said "I ought to kill you."

The appellant testified that while he was talking to Mrs. Fryer, "That's the time I heard her scream for her life.

"Q. Did Louise Fryer say anything? A. Yes, Sir, she said: 'Oh Frank, please don't kill me, don't kill me.'"

Appellant testified that he was some two miles away when he heard the statement of Mrs. Fryer, after which he "heard rumbling in the house and I heard voices and I couldn't very well make out what they were." "At that particular moment, I said on the telephone which I knew she could not have heard, I said 'Wait, and run into the street, until I get there, and I'll pick you up and carry you to the police station and have an indictment returned against him (her husband)' "; that he was afraid for her life; that when he got there, Fryer and his wife were in the middle of the street, and Fryer was hitting her "in the temple of the mole of her head" with a pistol; that he said "Fool, you had better shove him and run, because he's going to blow your brains out"; that Fryer didn't say a word; Mrs. Fryer was "coming in my general direction" when he shot - "I shot him when he leveled down * * * the pistol * * * I was still in the car."

Appellant further testified that he reloaded the gun and "was making my advance to get the gun" and fired another shot accidentally when Mrs. Fryer caught the barrel of the shotgun and was "swinging me around." He also testified that he fired a third shot which was also accidental.

The jury rejected appellant's claim of self defense and defense of Mrs. Fryer, and his plea for suspension of sentence. We find the evidence sufficient to sustain the jury's verdict and overrule the contention that the evidence shows that the killing was justifiable as a matter of law. See Owens v. State, 168 Tex. Cr. Rep. 88, 323 S.W. 2d 260.

We find no error in the admission of evidence to the effect that the injured party had an incapacity in his left arm, and that appellant's physical condition was good. Jones v. State, 153 Tex. Cr. R. 345, 220 S.W. 2d 156.

If under the facts such testimony was not admissible as bearing upon the issue of self defense, appellant is in no position to complain because like evidence was offered without objection. McCaine v. State, 152 Tex. Cr. R. 108, 211 S.W. 2d 190; Duhart v. State, 167 Tex. Cr. R. 150, 319 S.W. 2d 109; Morris v. State, 168 Tex. Cr. R. 539, 330 S.W. 2d 197; Allen v. State, Tex. Cr. App., 327 S.W. 2d 765; and Crocker v. State, Tex. Cr. App., 336 S.W. 2d 171.

Remarks of counsel for the state during the introduction of evidence complained of should not have been made, but in view of the evidence are not deemed of such prejudicial nature as to warrant reversal.

The judgment is affirmed.