**Odis N. TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35926.

Court of Criminal Appeals of Texas.

June 26, 1963.

Rehearing Denied Oct. 23, 1963.

Second Rehearing Denied Nov. 20, 1963.

James L. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Neal English, Frank Wright and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of fifty dollars.

Officers Owens and Foster of the Dallas Police Department testified that about 11:30 p. m., they saw the appellant driving an automobile in an erratic manner upon a public street, including his driving almost one block in the wrong direction on a one-way street, and then turn into a parking area and stop; that they immediately approached the appellant, smelled a strong odor of alcohol on his breath, observed that his speech was slurred and his eyes bloodshot, that he was unsteady while walking and that he told them he had had several highballs. They expressed the opinion that the appellant was intoxicated.

Testifying in his own behalf, the appellant stated that after he closed his place of business about 9 p. m., he went to a lounge where he drank one beer and visited untill 10:30 p. m., and left, going to a restaurant. When he drove into the parking area near the restaurant the officers drove in behind him and stopped. The appellant stated that he told the officers he was stopping there to eat, but they arrested him and took him to the police station. He denied that he was intoxicated, or drove in an erratic manner, or had any difficulty in walking or talking, or that his eyes were red or his face flushed. He called one witness who testified that appellant had only one beer at the lounge about 10:30 p. m., and that he was not intoxicated at the time.

Appellant urges error because of a statement volunteered by Officer Owens while testifying before the jury. In answer to the state's question: "What did you do at the Jail office?" Officer Owens said: "Sir, we explained to the lieutenant the circumstances and the charge that we felt was necessary, and he agreed with us." Then the following transpired:

"MR. MITCHELL: Now, Your Honor, I object to the voluntary remark

of this officer, and I submit to this Court that the Officer knows better than that and I submit that it is a direct violation of the Court's ruling.

"THE COURT: I sustain the objection about the lieutenant agreeing. It was voluntary.

"MR. MITCHELL: And ask the Court to instruct the jury that that was an improper remark, hearsay; and should not be considered.

"THE COURT: I'll instruct the jury to disregard the remark by the officer about what the lieutenant did, and you will totally disregard it; all right."

The objection was sustained as to the agreement, but no motion was made to strike or have the statement of the officer withdrawn, or that the court declare a mistrial.

■ When the court had instructed the jury to totally disregard the remarks of the officer, it appears that appellant was satisfied, because he never asked the court for any further relief. No reversible error is presented. 5 Tex.Jur.2d 61, Sec. 39; Bearden v. State, Tex.Cr.App., 334 S.W.2d 447.

■ It is contended that the prosecuting attorney committed error when he offered in evidence a copy of the work sheet from which Officer Foster had previously refreshed his memory.

The appellant objected to the work sheet on the ground that the state had deliberately offered it for the purpose of prejudicing the appellant before the jury by forcing him to object, thereby creating the impression with the jury that he was trying to keep something from them. Appellant further objected that this offer, coupled with Officer Owens' previously volunteered statement of the lieutenant's agreement, prevented him from getting a fair trial, and requested a mistrial, which was refused.

When the offer was made, the jury was immediately retired and the objection to the work sheet, which was sustained, was not made in the presence of the jury. Before this complaint arose, Officer Foster had been cross-examined about the work sheet and its use by him, and the prosecuting attorney had stated twice that appellant's counsel could have it if he would let the jury see it. To this no objection was made. In the light of the record, no error is presented.

Appellant insists that the trial court erred in overruling his motion for a mistrial when Officer Owens testified that he was offered an intoximeter test and refused it.

During the appellant's cross-examination of Officer Owens the above matter arose in the following manner:

"Q. I understood you to testify, Officer, that it was against Police regulations and would be a violation of regulations for you to take a person charged with DWI to a substation. Did I understand you correct? Did you say that, is all I want to know.

"A. In the case in question, yes.

"Q. Did you say that, did you testify that?

"A. The case in question, yes, it would have been a violation of policy.

"Q. Why?

"A. Because we offered the man an intoximeter test and he refused it, and he has to go before a doctor.

"MR. MITCHELL: Now, may it please the Court, that was unresponsive and we would at this time move for a mistrial. This officer volunteered some information that was not in response to the question. It was not elicited by any question, and it was made voluntarily. It is highly improper and highly prejudicial, and we at this time, move the Court for a mistrial.

"THE COURT: I think in view of your question, you asked him why he did something, that gives him leeway to state his reasons and for that reason I'll overrule your motion for mistrial. However, I'm going to instruct the jury to disregard the answer of the witness."

■ It is evident that the appellant brought out on cross-examination the testimony of which he complains. Therefore no error is shown. Hopkins v. State, 162 Tex.Cr.R. 103, 282 S.W.2d 232; Lowery v. State, 163 Tex.Cr.R. 241, 290 S.W.2d 532.

■ The evidence is sufficient to support the conviction and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON MOTION FOR REHEARING

MORRISON, Judge.

■ In our original opinion we held that the trial court did not err in overruling defendant's motion for a mistrial made when the State offered the work sheet as evidence. Appellant urges that holding is incorrect. This Court has held that the mere offer of inadmissible evidence by the State is not reversible error where the objection is sustained and the evidence is not gotten before the jury. Parkman v. State, 149 Tex.Cr.App. 101, 191 S.W.2d 743, 747; Lovelady v. State, 150 Tex.Cr.R. 50, 198 S.W.2d 570, 572.

Appellant further contends that we were in error in holding that the trial court correctly overruled his motion for mistrial made when the State's witness, Officer Owens, stated that the defendant had been offered an intoximeter test and had refused to take it. An attempt is made to distinguish the cases cited in our original opinion on the basis that here the testimony was not brought out on cross examination, but was received instead as an unresponsive answer. Appellant's attention is directed to the case of Avant v. State, 168 Tex.Cr.R. 6, 323 S.W.2d 464, where on cross examination

the appellant's attorney was questioning an officer about an argument he had with appellant's sister and brother-in-law. There appellant's attorney determined that there was an argument and then asked "What about?". The response was, "I offered the man a blood test". This was held to be in reply to the question, and in view of the court's instructions to the jury to disregard the answer, no reversible error was shown.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.