**Johnny Ray COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44373.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 9, 1972.

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., and Robert L. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for theft of property over the value of $50.00. Two prior convictions were alleged for enhancement under Article 63, Vernon's Ann.P.C. The punishment was assessed at life.

Charles Wayne Smith testified that he was a supervisor and salesman for a motor company in Dallas. An automobile assigned to him by the company was taken from where it was parked near his apartment without his consent. Two days later he saw the automobile being driven by the appellant. He followed the appellant who stopped, got out and went into an apartment. Smith called the police. When an officer arrived, the appellant, another man, a woman and a child were inside the automobile. A spare tire and jack had been removed from the trunk.

The appellant testified that on the day of the arrest he went to a cafe to borrow an automobile from a friend, but borrowed the one he was driving at the time of the arrest from a girl whom he had not known previously.

He admitted that he had been convicted in three prior felony cases including the two alleged in the indictment. The jury chose not to believe that the appellant borrowed the automobile.

■ The appellant contends that the portion of the indictment alleging the prior convictions was read to the jury at the guilt or innocence stage of the trial. Article 37.07 Vernon's Ann.C.C.P., provides that only the allegation of the primary offense should be read to the jury prior to a finding of guilt. The record shows that the prosecutor read from the indictment, stopped and then continued to read. It does not show that the enhancement part of the indictment was read to the jury prior to a finding of guilt. No error is shown.

■ The remaining contentions concern argument by the prosecutor, an alleged error in the court's charge concerning the prior conviction and the allegation that the prior convictions violated appellant's constitutional rights. No objection was made to preserve any of these contentions for review.

No error is shown. The judgment is affirmed.