Forrest Nelson MOSBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45094.

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied July 28, 1972.

———◆———

Allie L. Peyton, Houston, for appellant.

Carl S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for murder; the punishment, ten years imprisonment.

On the afternoon of May 13, 1970, appellant's twenty-four year old girlfriend, Marion Waldon, was with appellant at his duplex, watching television. Between 3:00 p. m. and 4:00 p. m., Marion Waldon's mother, Roxie Kilgore, and older sister, Johnnie Chase, the deceased, walked from their home to appellant's apartment. The mother and the deceased went to appellant's residence to discuss Marion Waldon's pregnancy and to determine whether appellant intended to marry her. Roxie Kilgore testified that after appellant had invited her inside,

"   .   .   .   I told him he knew that Marion was pregnant, and I wanted to know what they were going to do about it, were they going to get married or was he going to marry her to give the baby a name. So he says to me that she was grown and how did I know that the baby was his. I said, 'Well, you know she hasn't been having any relationship with anyone but you.' So he said, 'Well, if that's the case, I will wait until after the baby is born and I will give the baby a name.'   .   .   .   [I]t made me feel bad then, kind of hurt my feelings. .   .   ."

When Roxie Kilgore left appellant's apartment by way of the front door, Johnnie Chase, who was also pregnant, was sitting on the porch in front of the duplex at the entrance to the other apartment. As Roxie Kilgore and the older daughter walked to the street in front of appellant's residence, she told Johnnie of her conversation with the appellant. Marion Waldon, who was still inside the apartment, stated that appellant went out the back door, quickly returned with the pistol he kept in the glove compartment of his automobile, and went again to the front of the apartment. Marion Waldon said that appellant then called to her older sister, who thereupon returned to appellant's apartment. Marion Waldon testified that as she went into the room appellant said, "I am going to kill you," to the older sister, and that Johnnie replied, "You will have to shoot me, because I am not doing anything to you." Marion Waldon said that appellant then shot Johnnie Chase in the chest.

■ Appellant first complains that the trial court erred in admitting testimony showing the *"decedent's* pregnant condition."

Appellant's pretrial motion to suppress evidence of the fact that the deceased was in the seventh month of pregnancy was granted, subject to the reservation that if, at the time the evidence was offered, it was determined to be admissible the trial court would allow its introduction.

The appellant, testifying in his own behalf, said the deceased, wielding a knife, had threatened to kill him and that he was acting in self-defense when he shot her. During appellant's cross-examination by the State he was asked, over objection, whether he was aware that the decedent was seven months pregnant at the time of the offense. Appellant contends that it was reversible error for the trial court to allow such question to be asked. He argues that "it is evident that any evidence of the physical condition of the deceased at the time of the difficulty is irrelevant . . . ." We do not agree.

"On the issue of self-defense, it is relevant to give testimony as to the relative size, strength, and other physical characteristics showing the disparity between the accused and the deceased, as ground for apprehension, and also upon the question as to which party was the aggressor.

" . . . [T]he physical characteristics of the deceased and the relative size of the accused and the deceased may be shown by a photograph." 1 Wharton's Criminal Evidence § 218 at 448–449 (12th ed. 1955).

The appellant having interposed a claim of self-defense, the condition of the deceased was a proper subject of inquiry. We perceive no error in the trial court's ruling thereupon. Cf. Schuler v. State, 170 Tex.Cr.R. 612, 342 S.W.2d 765 (Tex.Cr. App.1961).

Further, in Washington v. State, 46 Tex.Cr.R. 184, 79 S.W. 811 (Tex.Cr.App. 1904), the trial court allowed the State to show that Washington's wife, the deceased, was "more than seven months advanced in pregnancy." The appellant raised the defense of accident and alleged that he had "discovered a negro man in bed with his wife; that he immediately began shooting at said negro, and accidentally killed his wife." On original submission this court held the evidence had been properly admitted to "refute appellant's defense."

On rehearing the court said:

" . . . But whether pregnancy is admissible as a circumstance to show the improbability that deceased did have carnal knowledge with a third party at the time defendant killed her, *we hold that said testimony was admissible as an original circumstance, being part and parcel of the facts and condition of the parties at the time of the homicide; that is to say, it is proper to prove the physical condition of the deceased, and hence the testimony would be admissible as original evidence.*" 79 S.W. at 814. (Emphasis supplied.)

Appellant's first ground of error is overruled.

■ In appellant's second ground of error he alleges reversible error was committed by the State in its argument before the jury. The remarks of which complaint is now made are two references to the decedent's having been pregnant. Testimony to the effect that Johnnie Chase was pregnant was in evidence and we see no error in the reference to that fact in the record before us. Further, the record reflects no attempt to preserve error was made as no objections were raised at the time of trial. See Schreiner v. State, 478 S.W.2d 460 (Tex.Cr.App.1972); Cole v. State, 475 S. W.2d 263 (Tex.Cr.App.1971); Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971); Verret v. State, 470 S.W.2d 883 (Tex.Cr. App.1971).

The judgment is affirmed.

Opinion approved by the Court.