NO. 07-02-0096CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 25, 2002



______________________________




In re CARLA SUE PINKERTON,



 Relator

 _________________________________



Before BOYD, C.J., QUINN, and REAVIS, JJ.


 Carla Sue Pinkerton, relator, petitioned this court for a writ of mandamus. The
dispute arises from a temporary order executed by the Hon. Carter Schildknecht, 106th
Judicial District, in a proceeding commenced and pending in Dawson County, Texas. We
dismiss the petition for lack of jurisdiction. 

 The Texas Constitution provides that the courts of appeal have appellate jurisdiction
co-extensive with the limits of their respective districts. Tex. Const. art. V, § 6 (Vernon
Supp. 2002). Furthermore, §22.201 of the Government Code specifies the counties within
each of the fourteen appellate court districts in Texas. Tex. Gov't Code Ann. § 22.201
(Vernon 1988). And, in describing those comprising the Seventh Court of Appeals
District, Dawson County is not mentioned. Rather, that county lies within the Eleventh
Court of Appeals District. Id. §22.201(l). Given this and absence of any order from the
Texas Supreme Court transferring the matter to us, we have no jurisdiction to entertain the
mandamus proceeding. See Hogan v. G., C. & S.F. Ry. Co., 411 S.W.2d 815, 816 (Tex.
Civ. App.--Beaumont 1966, writ ref'd).

 Accordingly, the petition for mandamus is dismissed. 


 Brian Quinn

 Justice 


Do not publish. 



 that the response contained evidence of
extraneous offenses inadmissible per Texas Rule of Evidence 404(b), this ground for
excluding the testimony was not alleged below. Thus, the complaint was not preserved for
review. See McFarland v. State, 845 S.W.2d 824, 838 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

 To the extent appellant contends that the testimony was inadmissible because it
was not in response to the question, we again conclude that the dispute was not preserved
for review. This is so because the trial court did not rule upon the objection. Such is
required by Texas Rule of Appellate Procedure 33.1(a)(2). Nor can we say that because
the trial court "allowed the question," it implicitly overruled appellant's objection to the
answer or refused to rule on the objection. (Emphasis added). Simply put, the burden lay
with appellant to press his objection to an adverse ruling, Lusk v. State, 82 S.W.3d 57, 60
(Tex. App.--Amarillo 2002, pet. ref'd), or to a point illustrating that the court refused to rule. 
Tex. R. App. P. 33.1(a)(2)(B). Here, he did neither. 

 Finally, assuming arguendo that the trial court ruled on the objection and did so
improperly, we note that other evidence of assaultive conduct on the part of appellant was
admitted without objection. This testimony included references to him having shot
Gonzalez, having been previously convicted for assaulting her, and having struck her
daughter. Given this, the error, if any, was not reversible. Lee v. State, 321 S.W.2d 577,
580 (Tex. Crim. App. 1959) (holding that like error was not reversible because evidence
of other assaultive conduct was admitted without objection).

 Issue Two - Excuse of Prospective Juror 

 In his second issue, appellant complains that the trial court improperly excused a
prospective juror for cause even though she stated she could hold the State to its burden
of proof. We overrule the issue.

 The juror in question, Ms. Suniga, indicated during general voir dire that she would
have trouble sitting in judgment of another person. Later, when brought before the judge,
the following exchange took place:

 * * *

 MS. SUNIGA: I just don't think that I'm - - I'm not anybody to do that, to sit

 in judgment on someone else.


 MR. COWAN: Okay, So, - - 

 

 MS. SUNIGA: I mean, - - 


 MR. COWAN: Is that just a personal belief?


 MS. SUNIGA: Yeah.


 MR. COWAN: That you shouldn't do that?


 MS. SUNIGA: Yes, I mean, I - - 


 MR. COWAN: If you were chosen to be a juror in the case, - - 


 MS. SUNIGA: I could be fair, yes.


 MR. COWAN: You could be fair, but could you - - if you believed the
evidence and if you believed the testimony and if you believed that the State
established their proof that they needed to, beyond a reasonable doubt,
could you find the person guilty, having this reservation about sitting in
judgment?

 If you believed the testimony had established a person's guilt, would
your personal beliefs prevent you from still finding a person guilty?


 MS. SUNIGA: No. 


 MR. COWAN: You could find him guilty?


 MS. SUNIGA: I mean, after - - like it would have to be like you said, beyond
a shadow of a doubt.


 MR. COWAN: Okay. Well, turning to that, the burden of proof that the law

 says I have to meet is beyond a reasonable doubt. 

 And I talked for a while about some people want proof beyond all
doubt, which is what I kind of talked about with what shadow of a doubt may
be, kind of trying to portray beyond all doubt. 

 Would you have to know beyond all doubt before you could find
somebody guilty?


 MS. SUNIGA: Yes.


 MR. COWAN: You understand that's different from beyond a reasonable
doubt?


 MS. SUNIGA: I would have to - - I would, like, - - it would have to be proved
 - - 


 MR. COWAN: Okay.


 MS. SUNIGA: - - whatever you say.


 MR. COWAN: Beyond all doubt or beyond a reasonable doubt?


 MS. SUNIGA: Beyond all doubt. 


 MR. COWAN: Okay. All right. Thank you, ma'am. I challenge for cause,
Judge.


 MR. HOCKER: May I ask a question?


 THE COURT: Sure.


 MR. HOCKER: You understand that what we want you to do is follow the
law and apply the law in this case with what the Judge charges you with. 
And we know you would want to hear proof beyond all doubt, but the law
says you only have to hear proof beyond a reasonable doubt.

 Could you follow the law as Mr. Cowan provided to you, beyond a
reasonable doubt; could you follow that law and convict him?


 MS. SUNIGA: I don't understand.


 MR. HOCKER: Could you follow - - 


 MS. SUNIGA: I mean, - - 


 MR. HOCKER: If the Judge tells you they only have to do it beyond a
reasonable doubt, not beyond all doubt, can you follow what the Judge tells
you to do?


 MS. SUNIGA: Yeah.


 MR. HOCKER: Okay. If Mr. Cowan, then, proved it to you beyond a
reasonable doubt and you believed it beyond a reasonable doubt, and the
Judge says that's all they had to do, could you convict him based on that?


 MS. SUNIGA: Yeah.


 MR. HOCKER: What?


 MR. [sic] SUNIGA: Yes.


 MR. HOCKER: Thank you. We'll oppose the challenge for cause, Your
Honor.


 THE COURT: The Court is going to grant the challenge based upon the
equivocation of the juror in this cause. The Court will grant the State'schallenge. . . .


 Whether the trial court erred in excusing Suniga depends upon whether it abused
its discretion. Ladd v. State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000). Similarly, the trial court's ruling is
entitled to deference when the record illustrates that the prospective juror's comments are
vacillating, unclear, or contradictory; this is so because that court is in the best position to
evaluate the person's demeanor and responses. Ladd v. State, 3 S.W.3d at 559. Here,
Suniga indicated that she could sit in judgment of a defendant if the State proved its case. 
Yet, she vacillated about whether she would require the State to prove its case beyond a
reasonable doubt or beyond all doubt. So, despite her indication that she could convict if
guilt were established beyond a reasonable doubt, we cannot say the trial court abused its
discretion in excusing her from the panel in view of her earlier contradictory response. See
Green v. State, 840 S.W.2d 394, 406 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 1020,
113 S.Ct. 1819, 123 L.Ed.2d 449 (1993) (holding that conflicting responses provide an
adequate basis supporting the trial court's decision to either retain a prospective juror or
excuse the person for cause). 

 Accordingly, the judgment of the trial court is affirmed. 


 Brian Quinn

 Justice

 

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't code
ann. §75.002(a)(1) (Vernon Supp. 2003).