NO. 07-02-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 20, 2003

_____

PETE CAMACHO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436,692; HON. CECIL G. PURYEAR, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Pete Camacho was convicted of assault. He challenges that conviction through two issues in which he contends that the trial court 1) erred in overruling his objection to the non-responsive answer of a witness, which answer interjected evidence of extraneous offenses, and 2) improperly excused a prospective juror for cause. We overrule each issue and affirm the judgment.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2003).

### Issue One - Objection to Non-Responsiveness

In his first issue, appellant argues the trial court erred in failing to sustain his objection to the non-responsive answer of a witness. Through the answer, the witness interjected evidence of extraneous offenses. We overrule the issue for the following reasons.

The response at issue was uttered by Francis Gonzalez in answer to a question asked by appellant's counsel. The latter queried whether she was "very happy with Pete." Gonzalez replied: "The man shot at me, he's put a knife in my side, I'm not very happy with him, no." At that point, appellant objected, contending that the answer was "non-responsive." The court replied: "Allow the question." The question was then repeated, and Francis stated, "No, no one hits my daughter." No other objection was lodged by appellant; nor did the court make any other comment about the objection or the testimony.

To the extent appellant now contends that the response contained evidence of extraneous offenses inadmissible per Texas Rule of Evidence 404(b), this ground for excluding the testimony was not alleged below. Thus, the complaint was not preserved for review. *See McFarland v. State,* 845 S.W.2d 824, 838 (Tex. Crim. App. 1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

To the extent appellant contends that the testimony was inadmissible because it was not in response to the question, we again conclude that the dispute was not preserved for review. This is so because the trial court did not rule upon the objection. Such is required by Texas Rule of Appellate Procedure 33.1(a)(2). Nor can we say that because the trial court "allowed the *question,*" it implicitly overruled appellant's objection to the answer or refused to rule on the objection. (Emphasis added). Simply put, the burden lay

2

with appellant to press his objection to an adverse ruling, *Lusk v. State,* 82 S.W.3d 57, 60 (Tex. App.—Amarillo 2002, pet. ref'd), or to a point illustrating that the court refused to rule. TEX. R. APP. P. 33.1(a)(2)(B). Here, he did neither.

Finally, assuming *arguendo* that the trial court ruled on the objection and did so improperly, we note that other evidence of assaultive conduct on the part of appellant was admitted without objection. This testimony included references to him having shot Gonzalez, having been previously convicted for assaulting her, and having struck her daughter. Given this, the error, if any, was not reversible. *Lee v. State*, 321 S.W.2d 577, 580 (Tex. Crim. App. 1959) (holding that like error was not reversible because evidence of other assaultive conduct was admitted without objection).

### Issue Two - Excuse of Prospective Juror

In his second issue, appellant complains that the trial court improperly excused a prospective juror for cause even though she stated she could hold the State to its burden of proof. We overrule the issue.

The juror in question, Ms. Suniga, indicated during general voir dire that she would have trouble sitting in judgment of another person. Later, when brought before the judge, the following exchange took place:

\* \* \*

MS. SUNIGA: I just don't think that I'm - - I'm not anybody to do that, to sit in judgment on someone else.

MR. COWAN: Okay, So, - -

MS. SUNIGA: I mean, - -

MR. COWAN: Is that just a personal belief?

3

MS. SUNIGA:  Yeah.

MR. COWAN:  That you shouldn't do that?

MS. SUNIGA:  Yes, I mean, I - -

MR. COWAN:  If you were chosen to be a juror in the case, - -

MS. SUNIGA:  I could be fair, yes.

MR. COWAN:  You could be fair, but could you - - if you believed the evidence and if you believed the testimony and if you believed that the State established their proof that they needed to, beyond a reasonable doubt, could you find the person guilty, having this reservation about sitting in judgment?
     If you believed the testimony had established a person's guilt, would your personal beliefs prevent you from still finding a person guilty?

MS. SUNIGA:  No.

MR. COWAN:  You could find him guilty?

MS. SUNIGA:  I mean, after - - like it would have to be like you said, beyond a shadow of a doubt.

MR. COWAN:  Okay.  Well, turning to that, the burden of proof that the law says I have to meet is beyond a reasonable doubt.
     And I talked for a while about some people want proof beyond all doubt, which is what I kind of talked about with what shadow of a doubt may be, kind of trying to portray beyond all doubt.
     Would you have to know beyond all doubt before you could find somebody guilty?

MS. SUNIGA:  Yes.

MR. COWAN:  You understand that's different from beyond a reasonable doubt?

MS. SUNIGA:  I would have to - - I would, like, - - it would have to be proved - -

MR. COWAN:  Okay.

MS. SUNIGA:   - - whatever you say.

4

MR. COWAN:  Beyond all doubt or beyond a reasonable doubt?

MS. SUNIGA:  Beyond all doubt.

MR. COWAN:  Okay.  All right.  Thank you, ma'am.  I challenge for cause, Judge.

MR. HOCKER:  May I ask a question?

THE COURT:  Sure.

MR. HOCKER:  You understand that what we want you to do is follow the law and apply the law in this case with what the Judge charges you with.  And we know you would want to hear proof beyond all doubt, but the law says you only have to hear proof beyond a reasonable doubt.

Could you follow the law as Mr. Cowan provided to you, beyond a reasonable doubt; could you follow that law and convict him?

MS. SUNIGA:  I don't understand.

MR. HOCKER:  Could you follow - -

MS. SUNIGA:  I mean, - -

MR. HOCKER:  If the Judge tells you they only have to do it beyond a reasonable doubt, not beyond all doubt, can you follow what the Judge tells you to do?

MS. SUNIGA:  Yeah.

MR. HOCKER:  Okay.  If Mr. Cowan, then, proved it to you beyond a reasonable doubt and you believed it beyond a reasonable doubt, and the Judge says that's all they had to do, could you convict him based on that?

MS. SUNIGA:  Yeah.

MR. HOCKER:  What?

MR. [sic] SUNIGA:  Yes.

MR. HOCKER:  Thank you.  We'll oppose the challenge for cause, Your Honor.

5

THE COURT: The Court is going to grant the challenge based upon the equivocation of the juror in this cause. The Court will grant the State's challenge. . . .

Whether the trial court erred in excusing Suniga depends upon whether it abused its discretion. *Ladd v. State,* 3 S.W.3d 547, 559 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000). Similarly, the trial court's ruling is entitled to deference when the record illustrates that the prospective juror's comments are vacillating, unclear, or contradictory; this is so because that court is in the best position to evaluate the person's demeanor and responses. *Ladd v. State*, 3 S.W.3d at 559. Here, Suniga indicated that she could sit in judgment of a defendant if the State proved its case. Yet, she vacillated about whether she would require the State to prove its case beyond a reasonable doubt or beyond all doubt. So, despite her indication that she could convict if guilt were established beyond a reasonable doubt, we cannot say the trial court abused its discretion in excusing her from the panel in view of her earlier contradictory response. *See Green v. State,* 840 S.W.2d 394, 406 (Tex. Crim. App. 1992), *cert. denied,* 507 U.S. 1020, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993) (holding that conflicting responses provide an adequate basis supporting the trial court's decision to either retain a prospective juror or excuse the person for cause).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice


Do not publish.


6