NO. 07-02-0276-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 20, 2003


______________________________



PETE CAMACHO
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436,692; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Pete Camacho was convicted of assault. He challenges that conviction
through two issues in which he contends that the trial court 1) erred in overruling his
objection to the non-responsive answer of a witness, which answer interjected evidence
of extraneous offenses, and 2) improperly excused a prospective juror for cause. We
overrule each issue and affirm the judgment. 

 

Issue One - Objection to Non-Responsiveness


 In his first issue, appellant argues the trial court erred in failing to sustain his
objection to the non-responsive answer of a witness. Through the answer, the witness
interjected evidence of extraneous offenses. We overrule the issue for the following
reasons.

 The response at issue was uttered by Francis Gonzalez in answer to a question
asked by appellant's counsel. The latter queried whether she was "very happy with Pete." 
Gonzalez replied: "The man shot at me, he's put a knife in my side, I'm not very happy
with him, no." At that point, appellant objected, contending that the answer was "non-responsive." The court replied: "Allow the question." The question was then repeated, 
and Francis stated, "No, no one hits my daughter." No other objection was lodged by
appellant; nor did the court make any other comment about the objection or the testimony. 
 To the extent appellant now contends that the response contained evidence of
extraneous offenses inadmissible per Texas Rule of Evidence 404(b), this ground for
excluding the testimony was not alleged below. Thus, the complaint was not preserved for
review. See McFarland v. State, 845 S.W.2d 824, 838 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

 To the extent appellant contends that the testimony was inadmissible because it
was not in response to the question, we again conclude that the dispute was not preserved
for review. This is so because the trial court did not rule upon the objection. Such is
required by Texas Rule of Appellate Procedure 33.1(a)(2). Nor can we say that because
the trial court "allowed the question," it implicitly overruled appellant's objection to the
answer or refused to rule on the objection. (Emphasis added). Simply put, the burden lay
with appellant to press his objection to an adverse ruling, Lusk v. State, 82 S.W.3d 57, 60
(Tex. App.--Amarillo 2002, pet. ref'd), or to a point illustrating that the court refused to rule. 
Tex. R. App. P. 33.1(a)(2)(B). Here, he did neither. 

 Finally, assuming arguendo that the trial court ruled on the objection and did so
improperly, we note that other evidence of assaultive conduct on the part of appellant was
admitted without objection. This testimony included references to him having shot
Gonzalez, having been previously convicted for assaulting her, and having struck her
daughter. Given this, the error, if any, was not reversible. Lee v. State, 321 S.W.2d 577,
580 (Tex. Crim. App. 1959) (holding that like error was not reversible because evidence
of other assaultive conduct was admitted without objection).

 Issue Two - Excuse of Prospective Juror 

 In his second issue, appellant complains that the trial court improperly excused a
prospective juror for cause even though she stated she could hold the State to its burden
of proof. We overrule the issue.

 The juror in question, Ms. Suniga, indicated during general voir dire that she would
have trouble sitting in judgment of another person. Later, when brought before the judge,
the following exchange took place:

 * * *

 MS. SUNIGA: I just don't think that I'm - - I'm not anybody to do that, to sit

 in judgment on someone else.


 MR. COWAN: Okay, So, - - 

 

 MS. SUNIGA: I mean, - - 


 MR. COWAN: Is that just a personal belief?


 MS. SUNIGA: Yeah.


 MR. COWAN: That you shouldn't do that?


 MS. SUNIGA: Yes, I mean, I - - 


 MR. COWAN: If you were chosen to be a juror in the case, - - 


 MS. SUNIGA: I could be fair, yes.


 MR. COWAN: You could be fair, but could you - - if you believed the
evidence and if you believed the testimony and if you believed that the State
established their proof that they needed to, beyond a reasonable doubt,
could you find the person guilty, having this reservation about sitting in
judgment?

 If you believed the testimony had established a person's guilt, would
your personal beliefs prevent you from still finding a person guilty?


 MS. SUNIGA: No. 


 MR. COWAN: You could find him guilty?


 MS. SUNIGA: I mean, after - - like it would have to be like you said, beyond
a shadow of a doubt.


 MR. COWAN: Okay. Well, turning to that, the burden of proof that the law

 says I have to meet is beyond a reasonable doubt. 

 And I talked for a while about some people want proof beyond all
doubt, which is what I kind of talked about with what shadow of a doubt may
be, kind of trying to portray beyond all doubt. 

 Would you have to know beyond all doubt before you could find
somebody guilty?


 MS. SUNIGA: Yes.


 MR. COWAN: You understand that's different from beyond a reasonable
doubt?


 MS. SUNIGA: I would have to - - I would, like, - - it would have to be proved
 - - 


 MR. COWAN: Okay.


 MS. SUNIGA: - - whatever you say.


 MR. COWAN: Beyond all doubt or beyond a reasonable doubt?


 MS. SUNIGA: Beyond all doubt. 


 MR. COWAN: Okay. All right. Thank you, ma'am. I challenge for cause,
Judge.


 MR. HOCKER: May I ask a question?


 THE COURT: Sure.


 MR. HOCKER: You understand that what we want you to do is follow the
law and apply the law in this case with what the Judge charges you with. 
And we know you would want to hear proof beyond all doubt, but the law
says you only have to hear proof beyond a reasonable doubt.

 Could you follow the law as Mr. Cowan provided to you, beyond a
reasonable doubt; could you follow that law and convict him?


 MS. SUNIGA: I don't understand.


 MR. HOCKER: Could you follow - - 


 MS. SUNIGA: I mean, - - 


 MR. HOCKER: If the Judge tells you they only have to do it beyond a
reasonable doubt, not beyond all doubt, can you follow what the Judge tells
you to do?


 MS. SUNIGA: Yeah.


 MR. HOCKER: Okay. If Mr. Cowan, then, proved it to you beyond a
reasonable doubt and you believed it beyond a reasonable doubt, and the
Judge says that's all they had to do, could you convict him based on that?


 MS. SUNIGA: Yeah.


 MR. HOCKER: What?


 MR. [sic] SUNIGA: Yes.


 MR. HOCKER: Thank you. We'll oppose the challenge for cause, Your
Honor.


 THE COURT: The Court is going to grant the challenge based upon the
equivocation of the juror in this cause. The Court will grant the State'schallenge. . . .


 Whether the trial court erred in excusing Suniga depends upon whether it abused
its discretion. Ladd v. State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000). Similarly, the trial court's ruling is
entitled to deference when the record illustrates that the prospective juror's comments are
vacillating, unclear, or contradictory; this is so because that court is in the best position to
evaluate the person's demeanor and responses. Ladd v. State, 3 S.W.3d at 559. Here,
Suniga indicated that she could sit in judgment of a defendant if the State proved its case. 
Yet, she vacillated about whether she would require the State to prove its case beyond a
reasonable doubt or beyond all doubt. So, despite her indication that she could convict if
guilt were established beyond a reasonable doubt, we cannot say the trial court abused its
discretion in excusing her from the panel in view of her earlier contradictory response. See
Green v. State, 840 S.W.2d 394, 406 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 1020,
113 S.Ct. 1819, 123 L.Ed.2d 449 (1993) (holding that conflicting responses provide an
adequate basis supporting the trial court's decision to either retain a prospective juror or
excuse the person for cause). 

 Accordingly, the judgment of the trial court is affirmed. 


 Brian Quinn

 Justice

 

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't code
ann. §75.002(a)(1) (Vernon Supp. 2003).